IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CHECK POINT SOFTWARE TECHNOLOGIES LTD., CHECK POINT SOFTWARE TECHNOLOGIES, INC., McAFEE, INC., SYMANTEC CORP., TREND MICRO INCORPORATED, AND TREND MICRO, INC. (USA),<br><br>    Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Intellectual Ventures I LLC ("Intellectual Ventures I") by its undersigned attorneys, for its complaint against Defendants Check Point Software Technologies Ltd., Check Point Software Technologies, Inc., (collectively, "Check Point"), McAfee, Inc., Symantec Corporation, Trend Micro Incorporated, and Trend Micro, Inc. (U.S.A) (collectively, "Trend Micro"), hereby alleges the following:

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2.     Intellectual Ventures I is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located in Bellevue, Washington.

3.     Defendant Check Point Software Technologies Ltd. is a corporation organized and existing under the laws of Israel, with its headquarters in Tel Aviv, Israel. Defendant Check Point Software Technologies, Inc., a wholly owned subsidiary of Check Point Software Technologies Ltd., is a corporation organized and existing under the laws of Delaware, with a principal place of business in Redwood City, California. Check Point transacts substantial

1

n/a
n/a
n/a

business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

4. Defendant McAfee, Inc. ("McAfee") is a corporation organized and existing under the laws of Delaware, with a principal place of business in Santa Clara, California. McAfee transacts substantial business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

5. Defendant Symantec Corporation ("Symantec") is a corporation organized and existing under the laws of Delaware, with a principal place of business in Mountain View, California. Symantec transacts substantial business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

6. Defendant Trend Micro Incorporated is a corporation organized and existing under the laws of Japan, with its headquarters in Tokyo, Japan. Defendant Trend Micro Inc. (U.S.A.), a wholly owned subsidiary of Trend Micro Incorporated, is a corporation organized and existing under the laws of California, with a principal place of business in Cupertino, California. Trend Micro transacts substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

7. Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Check Point, McAfee, Symantec, and/or Trend Micro.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Check Point, McAfee, Symantec, and Trend Micro (collectively, "Defendants") because Defendants have committed acts of

infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are used and sold in this District. These acts cause injury to Intellectual Ventures I within the District. On information and belief, Defendants derive substantial revenue from the sale of infringing products distributed within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce. In addition, Defendants knowingly induced, and continue to knowingly induce, infringement within this State and within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District and by creating and/or disseminating data sheets, administrator guides, and other instructional and promotional materials for the products with like mind and intent.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL BACKGROUND**

11. Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the plaintiff in this case, Intellectual Ventures I.

12. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date,

Intellectual Ventures has purchased more than 30,000 patents and patent applications and, in the process, has paid hundreds of millions of dollars to individual inventors for their inventions. Intellectual Ventures, in turn, has earned nearly $2 billion by licensing these patents to some of the world's most innovative and successful technology companies, who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

13.     Intellectual Ventures also creates inventions of its own.  Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

14.     As part of the company's focus on finding solutions to the world's energy problems, inventors at Intellectual Ventures have also invented a new kind of nuclear reactor. Expected to go online by 2020, the TerraPower project has received funding from outside investors and is the first business spun out from Intellectual Ventures.  Intellectual Ventures also has a team dedicated to creating new technologies to combat and track the spread of malaria, a disease that sickens or kills millions around the world every year.

15.     Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world.  For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas.

Intellectual Ventures has invested millions of dollars in this way and created a network of more than 3000 inventors worldwide.

16. The internet, email, and electronic commerce provide convenient means of research, communication, and achieving economy for both businesses and individual consumers. With this increased convenience comes an increased risk of computer viruses, spam, and other malicious programs designed to infect software, destroy data, obtain confidential information, and generally frustrate users. Defendants market and sell several anti-virus and internet security products designed to protect businesses and individual consumers from the negative and costly effects of those malicious programs. According to Gartner, an independent information technology research company, worldwide revenue from such products will surpass $16.5 billion in 2010, after generating nearly $15 billion of revenue in 2009.

17. Intellectual Ventures approached each of the Defendants about taking a license to Intellectual Ventures I's patent portfolio, including the patents asserted in this complaint. Over the course of this past year, Intellectual Ventures sought to negotiate a business solution on reasonable terms. Defendants have nevertheless declined to license Intellectual Ventures I's patents and continue to use those inventions without permission.

### COUNT 1 - INFRINGEMENT OF U.S. PATENT NO. 5,987,610

18. On November 16, 1999, United States Patent No. 5,987,610 ("the '610 patent") was duly and legally issued for an invention entitled "Computer Virus Screening Methods and Systems." Intellectual Ventures I is the owner of the '610 patent and holds all rights and interests in the '610 patent. A true and correct copy of the '610 patent is attached hereto as Exhibit A.

19. Check Point has infringed and continues to infringe one or more claims of the '610 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus

and internet security products, including but not limited to Check Point's Security Management Portal On-Demand products. Check Point also has infringed and continues to infringe one or more claims of the '610 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. Check Point is liable for its infringement of the '610 patent pursuant to 35 U.S.C. § 271.

20. McAfee has infringed and continues to infringe one or more claims of the '610 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to McAfee's SaaS Email Protection and SaaS Total Protection products. McAfee also has infringed and continues to infringe one or more claims of the '610 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. McAfee is liable for its infringement of the '610 patent pursuant to 35 U.S.C. § 271.

21. Symantec has infringed and continues to infringe one or more claims of the '610 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Symantec's MessageLabs Hosted Email Security and MessageLabs Hosted Web Security products. Symantec also has infringed and continues to infringe one or more claims of the '610 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. Symantec is liable for its infringement of the '610 patent pursuant to 35 U.S.C. § 271.

22. Trend Micro has infringed and continues to infringe one or more claims of the '610 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Trend Micro's Hosted Email Security products. Trend Micro also has infringed and continues to infringe one or more claims of the '610 patent by contributing to and actively inducing others to use, sell, import, and/or offer for

sale of infringing products. Trend Micro is liable for its infringement of the '610 patent pursuant to 35 U.S.C. § 271.

23. Defendants' acts of infringement have caused damage to Intellectual Ventures I, and Intellectual Ventures I is entitled to recover from Defendants the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Intellectual Ventures I's exclusive rights under the '610 patent will continue to damage Intellectual Ventures I, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

24. Upon information and belief, Symantec's infringement of the '610 patent is willful and deliberate, entitling Intellectual Ventures I to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. Several of Symantec's own patents, such as U.S. Patent Nos. 7,089,591; 7,155,742; and 7,159,149, indicate the Symantec had actual knowledge of the '610 patent before this suit was filed. Nevertheless, Symantec has infringed and continues to infringe the '610 patent despite an objectively high likelihood that its actions constituted infringement.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 6,073,142

25. On June 6, 2000, United States Patent No. 6,073,142 ("the '142 patent") was duly and legally issued for an invention entitled "Automated Post Office Based Rule Analysis of Email Messages and Other Data Objects for Controlled Distribution in Network Environments." Intellectual Ventures I is the owner of the '142 patent and holds all rights and interests in the '142 patent. A true and correct copy of the '142 patent is attached hereto as Exhibit B.

26. Check Point has infringed and continues to infringe one or more claims of the '142 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Check Point's Firewall and Endpoint

Security Server products. Check Point also has infringed and continues to infringe one or more claims of the '142 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. Check Point is liable for its infringement of the '142 patent pursuant to 35 U.S.C. § 271.

27. McAfee has infringed and continues to infringe one or more claims of the '142 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to McAfee's Email Gateway and SaaS Email Protection products. McAfee also has infringed and continues to infringe one or more claims of the '142 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. McAfee is liable for its infringement of the '142 patent pursuant to 35 U.S.C. § 271.

28. Symantec has infringed and continues to infringe one or more claims of the '142 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Symantec's Brightmail Gateway and Web Gateway products. Symantec also has infringed and continues to infringe one or more claims of the '142 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. Symantec is liable for its infringement of the '142 patent pursuant to 35 U.S.C. § 271.

29. Trend Micro has infringed and continues to infringe one or more claims of the '142 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Trend Micro's ScanMail Suite for Lotus Domino products. Trend Micro also has infringed and continues to infringe one or more claims of the '142 by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. Trend Micro is liable for its infringement of the '142 patent

pursuant to 35 U.S.C. § 271.

30. Defendants' acts of infringement have caused damage to Intellectual Ventures I and Intellectual Ventures I is entitled to recover from Defendants the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Intellectual Ventures I's exclusive rights under the '142 patent will continue to damage Intellectual Ventures I, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

31. Upon information and belief, Symantec's infringement of the '142 patent is willful and deliberate, entitling Intellectual Ventures I to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. Several of Symantec's own patents, such as U.S. Patent Nos. 6,981,252; 7,185,332; and 7,373,519, indicate the Symantec had actual knowledge of the '142 patent before this suit was filed. Nevertheless, Symantec has infringed and continues to infringe the '142 despite an objectively high likelihood that its actions constituted infringement.

### COUNT III - INFRINGEMENT OF U.S. PATENT NO. 6,460,050

32. On October 1, 2002, United States Patent No. 6,460,050 ("the '050 patent") was duly and legally issued for an invention entitled "Distributed Content Identification System." Intellectual Ventures I is the owner of the '050 patent and holds all rights and interests in the '050 patent. A true and correct copy of the '050 patent is attached hereto as Exhibit C.

33. Check Point has infringed and continues to infringe one or more claims of the '050 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Check Point's Firewall products. Check Point also has infringed and continues to infringe one or more claims of the '050 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of

infringing products. Check Point is liable for its infringement of the '050 patent pursuant to 35 U.S.C. § 271.

34.   McAfee has infringed and continues to infringe one or more claims of the '050 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to McAfee's Global Trend Initiative (formerly Artemis) products. McAfee also has infringed and continues to infringe one or more claims of the '050 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. McAfee is liable for its infringement of the '050 patent pursuant to 35 U.S.C. § 271.

35.   Symantec has infringed and continues to infringe one or more claims of the '050 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Symantec's Reputation Based Security products. Symantec also has infringed and continues to infringe one or more claims of the '050 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. Symantec is liable for its infringement of the '050 patent pursuant to 35 U.S.C. § 271.

36.   Trend Micro has infringed and continues to infringe one or more claims of the '050 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Trend Micro's Smart Protection Network products. Trend Micro also has infringed and continues to infringe one or more claims of the '050 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. Trend Micro is liable for its infringement of the '050 patent pursuant to 35 U.S.C. § 271.

37.   Defendants' acts of infringement have caused damage to Intellectual Ventures I

and Intellectual Ventures I is entitled to recover from Defendants the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Intellectual Ventures I's exclusive rights under the '050 patent will continue to damage Intellectual Ventures I, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

38.   Upon information and belief, McAfee's and Symantec's infringement of the '050 patent is willful and deliberate, entitling Intellectual Ventures I to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. Several of Symantec's own patents, such as U.S. Patent Nos. 6,981,252; 7,185,332; and 7,373,519, indicate the Symantec had actual knowledge of the '050 patent before this suit was filed. McAfee also had actual knowledge of the '050 patent as indicated by U.S. Patent Nos. 7,765,593 and 7,415,727. Nevertheless, Symantec and McAfee have infringed and continue to infringe the '050 despite an objectively high likelihood that its actions constituted infringement.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 7,506,155

39.   On March 17, 2009, United States Patent No. 7,506,155 ("the '155 patent") was duly and legally issued for an invention entitled "E-Mail Virus Protection System and Method." Intellectual Ventures I is the owner of the '155 patent and holds all rights and interests in the '155 patent. A true and correct copy of the '155 patent is attached hereto as Exhibit D.

40.   Check Point has infringed and continues to infringe one or more claims of the '155 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Check Point's Firewall products. Check Point also has infringed and continues to infringe one or more claims of the '155 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. Check Point is liable for its infringement of the '155 patent pursuant to 35

U.S.C. § 271.

41.     McAfee has infringed and continues to infringe one or more claims of the '155 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to McAfee's SiteAdvisor Plus products. McAfee also has infringed and continues to infringe one or more claims of the '155 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. McAfee is liable for its infringement of the '155 patent pursuant to 35 U.S.C. § 271.

42.     Symantec has infringed and continues to infringe one or more claims of the '155 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Symantec's MessageLabs Hosted Email Security products. Symantec also has infringed and continues to infringe one or more claims of the '155 patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale of infringing products. Symantec is liable for its infringement of the '155 patent pursuant to 35 U.S.C. § 271

43.     Trend Micro has infringed and continues to infringe one or more claims of the '155 patent by its manufacture, use, sale, importation, and/or offer for sale of certain anti-virus and internet security products, including but not limited to Trend Micro's ScanMail Suite for Windows products. Trend Micro also has infringed and continues to infringe one or more claims of the '155 patent by its contributing to and inducement of others to use, sell, import, and/or offer for sale of infringing products. Trend Micro is liable for its infringement of the '155 patent pursuant to 35 U.S.C. § 271.

44.     Defendants' acts of infringement have caused damage to Intellectual Ventures I, and Intellectual Ventures I is entitled to recover from Defendants the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants'

infringement of Intellectual Ventures I's exclusive rights under the '155 patent will continue to damage Intellectual Ventures I, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### JURY DEMAND

45. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Intellectual Ventures I respectfully requests a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Intellectual Ventures I requests entry of judgment in its favor and against Check Point Technologies Ltd., Check Point Software Technologies, Inc., McAfee, Inc., Symantec Corp., Trend Micro Incorporated, and Trend Micro, Inc. (U.S.A) as follows:

a. Declaring that Defendants Check Point, McAfee, Symantec, and Trend Micro have infringed U.S. Patent Nos. 5,987,610; 6,073,142; 6,460,050 B1; and 7,506,155 B1.

b. Awarding the damages arising out of Defendants Check Point, McAfee, Symantec, and Trend Micro's infringement of U.S. Patent Nos. 5,987,610; 6,073,142; 6,460,050 B1; and 7,506,155 B1, including enhanced damages pursuant to 35 U.S.C. § 284, to Intellectual Ventures I, together with prejudgment and post-judgment interest, in an amount according to proof;

c. Permanently enjoining Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 5,987,610; 6,073,142; 6,460,050 B1; and 7,506,155 B1;

d. Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e. Awarding such other costs and further relief as the Court may deem just and proper.

Dated: December 8, 2010

Respectfully submitted,

FARNAN LLP

By: /s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (fax)
bfarnan@farnanlaw.com

OF COUNSEL:
Parker C. Folse III (WA State Bar No. 24895)
Brooke A.M. Taylor (WA State Bar No. 33190)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone:   (206) 516-3880
Facsimile:   (206) 516-3883
pfolse@susmangodfrey.com
btaylor@susmangodfrey.com

Ryan C. Kirkpatrick (CA State Bar No. 243824)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone:   (310) 789-3107
Facsimile:   (310) 789-3150
rkirkpatrick@susmangodfrey.com

John P. Lahad (TX State Bar No. 24068095)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone:   (713) 653-7859
Facsimile:   (713) 654-3386
jlahad@susmangodfrey.com