IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHECK POINT SOFTWARE ) <br> TECHNOLOGIES LTD., CHECK POINT ) <br> SOFTWARE TECHNOLOGIES, INC., ) <br> MCAFEE, INC., SYMANTEC CORP., ) <br> TREND MICRO INCORPORATED, and ) <br> TREND MICRO, INC. (USA), ) <br> ) <br> Defendants. ) | C.A. No. 10-1067 (LPS) |

## DEFENDANTS' MOTION FOR RECONSIDERATION

Pursuant to the Order of the Court of Appeals for the Federal Circuit, defendants Trend Micro Incorporated, Trend Micro, Inc. (USA), Check Point Software Technologies Ltd., Check Point Software Technologies, Inc., McAfee, Inc., and Symantec Corp., move for reconsideration of this Court's June 22, 2011 Order denying Defendants' motion to transfer this case to the Northern District of California. In denying, without prejudice, Defendants' petition for a writ of mandamus, the Federal Circuit ruled:

> We deem it the better course for Trend Micro to first move the district court for reconsideration of its order denying a transfer of venue in light of *In re Link_A_Media Devices Corp.,* 662 F.3d 1221 (Fed. Cir. 2011).

*In re Trend Micro Inc.*, Misc. No. 119, slip op. (Fed. Cir. April 2, 2012).

Consistent with the Federal Circuit's Order, Defendants respectfully suggest that the Federal Circuit's decision in *Link_A_Media* warrants reconsideration of the Court's denial of Defendants' motion to transfer under 28 U.S.C. Section 1404(a). Pursuant to D. Del. LR 7.1.1,

counsel for Defendants conferred with Plaintiff's counsel regarding this motion. Plaintiffs oppose the Motion.

## ARGUMENT

This lawsuit was brought by a company with no operations in Delaware, but an office in the Northern District of California, against four sets of defendants with no operations in Delaware who all maintain their principal U.S. places of business in the Northern District of California. The inventors of the four patents-in-suit do not live in Delaware, nor do any of the expected party or non-party witnesses, most of whom live in the Northern District of California. The vast majority of the books and records are located in the Northern District of California and none are located in Delaware. Indeed, all of the factors that relate to the convenience of the parties or witnesses favor the Northern District of California.

Defendants previously moved to transfer venue under 28 U.S.C. §1404(a), which the Court denied based on Intellectual Ventures' ("IV's") argument that controlling weight should be given to two of the factors in the venue balancing test. *First*, IV argued that plaintiff made the tactical choice to sue here, in its state of incorporation, and the Court gave this factor "paramount" weight. *Intellectual Ventures I LLC v. Checkpoint Software Techs Ltd.*, 797 F.Supp.2d 472, 487 (D. Del. 2011). *Second*, the Court emphasized that "three of the four domestic Defendants are incorporated here as well."[1] *Id*. While giving these two factors paramount weight, the Court gave little weight to the location of Defendants' employed witnesses and the evidence, *id*. at 485, even though the Court acknowledged that "most of the discovery process will take place in California, in the offices of the parties' attorneys and in the areas where the parties maintain their documents." *Id*. at 481. Likewise, even though each of

---

[1] Defendant Trend Micro, Inc. (USA) is incorporated in California. *Id.* at 476.

the four defendants has its principal place of business in the Northern District of California, *id*. at 475-476, the Court gave "no weight" to the convenience of Defendants' witnesses because they are employed by the parties. *Id*. at 482-485. The Court also gave "little weight" to the convenience of non-party witnesses despite the fact that Defendants identified dozens of such witnesses within the subpoena power of the Northern District of California, while Plaintiff only identified a single witness within the subpoena power of the District of Delaware. *Id.* The Court also discounted the convenience factor based on the asserted prevalence of various technologies (laptop, notebook, and tablet computers; high-speed internet connections; smartphones; video conferencing technologies) to reduce the burden of litigating far away from where the parties are physically located. *Id*. at 482.

Since this Court's ruling, the Federal Circuit issued its opinion in *Link_A_Media*, emphasizing that a party's incorporation in Delaware is "not a dispositive fact in the venue transfer analysis." *In re Link_A_Media Devices Corp.,* 662 F.3d 1221, 1224 (Fed. Cir. 2011). Drawing on Supreme Court authority, the Federal Circuit held that a party's state of incorporation is not dispositive, and the other factors in the venue analysis should not be discounted or relegated to lesser weight. *Id.* at 1223-1224. Defendants respectfully suggest that reconsideration is warranted in light of *Link_A_Media.*

Although IV may attempt to distinguish *Link_A_Media* because there the plaintiff was not incorporated in Delaware, the Federal Circuit made clear that a party's state of incorporation cannot trump the other important convenience factors that are present in this case. Just like *Link_A_Media*, "[a]side from [the parties'] incorporation in Delaware, that forum has no ties to the dispute or to either party." *Link_A_Media*, at 1224. Indeed, the primary fact distinguishing the situation here from that of *Link_A_Media* is that the plaintiff here is a

Delaware corporation. Under the Federal Circuit's decision, that alone should not be dispositive. *Id.* (a party's state of incorporation is not a dispositive fact in the venue transfer analysis).

Furthermore, there is nothing in Third Circuit law providing that state of incorporation alone creates the kind of "home turf" that justifies elevating the plaintiff's choice of forum to paramount importance. As the Court recognized in its decision here, case law from this district holds that state of incorporation does not provide a basis for applying the "home turf" doctrine where the party's principal place of business is outside Delaware. *See, e.g., In re TCW/Camil Holdings LLC*, 2004 WL 1043193, at *2 (D. Del. 2004) ("[P]laintiff is incorporated under the laws of the State of Delaware. Nonetheless, the District of Delaware is not plaintiff's 'home turf,' since it maintains its principal place of business in New York"); *Teleconference Sys. v. Procter & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 330 (D. Del. 2009) ("Under Section 1404(a), "home turf" refers to a corporation's principal place of business.") (quoting *Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.,* C.A. No. 04-360 (JJF), 2005 WL 441077, at *2 (D.Del. Feb. 15, 2005)); *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991) (same). Here, it should not be ignored that IV's actual headquarters are on the west coast in Bellevue, Washington (nearly 2,000 miles closer to the transferee district), and that it maintains an office in the Northern District of California where all Defendants are located. The fact is that IV and all of the defendants are at home in the Northern District of California, and none are at home in Delaware. IV's incorporation in Delaware should not be permitted to trump the actual convenience of the parties and the witnesses in these circumstances. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 202 (D. Del. 1998) ("[B]y transferring these two cases to the Northern District of California, the Court would, to some extent, convenience all of the parties since they are located in Silicon Valley.").

Applying *Link_A_Media*, in conjunction with the balancing of private and public interests contemplated by 28 U.S.C. §1404(a) and *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), Defendants respectfully request that the Court transfer this case to the Northern District of California. Indeed, these factors are more compelling here than in *Link_A_Media*. Beyond the fact that all defendants maintain their operations in the Northern District of California, as noted above, IV itself has an office in the Northern District and the inventors of the patents that it purchased reside there. In light of *Link_A_Media*, this action should be transferred to California. *See Robocast, Inc. v. Apple, Inc.*, C.A. No. 11-235, 2012 WL 628010 (D. Del. Feb. 24, 2012) (characterizing *Link_A_Media* as "standing for the proposition that when the parties, all the witnesses, and all the evidence are in one distant jurisdiction, and the only connection to Delaware is that it is the state of incorporation of the defendant, and there is no other reason for the suit to be in Delaware, the suit must be transferred, upon timely request, to the distant jurisdiction."). *See also Signal Tech, LLC v. Analog Devices,* C.A. No. 11-1073, 2012 WL 1134723, at *4 (D. Del. April 3, 2012) ("The conclusion I would draw from *Link_ A_ Media* is that when a plaintiff sues a defendant in District A and the plaintiff, the defendant, and all the potential witnesses and evidence are located in District B, and there is no other valid reason for denying a request for transfer to District B, it is an abuse of discretion not to grant the transfer.").

Finally, this Court previously interpreted *Link_A_Media* in *Intellectual Ventures I LLC v. Altera Corp.*, --- F.Supp.2d ----, 2012 WL 297720 (D. Del. Jan. 24, 2012). Defendants in the *Altera* case are seeking mandamus review. *In re Altera Corp.*, Misc. No. 121 (Fed. Cir., docketed March 12, 2012). The Federal Circuit called for briefing on that petition shortly before it instructed Defendants in this case to seek reconsideration. Defendants respectfully suggest that

the Court may wish to defer proceedings on this motion pending the Federal Circuit's action in the *Altera* case, which may be helpful to resolution of the instant motion.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Karen Jacobs Louden* | */s/ Jack B. Blumenfeld* |
| _____ | _____ |
| Karen Jacobs Louden (#2881) | Jack B. Blumenfeld (#1014) |
| Michael J. Flynn (#5333) | Thomas C. Grimm (#1098) |
| 1201 N. Market Street | 1201 North Market Street |
| P.O. Box 1347 | P.O. Box 1347 |
| Wilmington, DE  19899-1347 | Wilmington, DE  19899 |
| (302) 658-9200 | 302-658-9200 |
| klouden@mnat.com | jblumenfeld@mnat.com |
| mflynn@mnat.com | tgrimm@mnat.com |
| *Attorneys for Defendants Trend Micro Incorporated and Trend Micro, Inc. (USA)* | *Attorneys for Defendants Check Point Software Technologies Ltd. and Check Point Software Technologies, Inc.* |

OF COUNSEL:

Yar R. Chaikovsky
MCDERMOTT, WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA  94025
(650) 815-7400

David M. Beckwith
MCDERMOTT, WILL & EMERY LLP
4 Park Plaza, Suite 1700
Irvine, CA  92614-2559
(949) 851-0633

OF COUNSEL:

Clement S. Roberts
Joseph C. Gratz
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
(415) 362-6666

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SEITZ ROSS ARONSTAM & MORITZ LLP |
| */s/ Jack B. Blumenfeld* | */s/ Collins J. Seitz, Jr.* |
| Jack B. Blumenfeld (#1014)<br>Thomas C. Grimm (#1098)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>tgrimm@mnat.com<br>*Attorneys for Defendant Symantec Corporation* | Collins J. Seitz, Jr. (#2237)<br>100 South West Street, Suite 400<br>Wilmington, DE  19801<br>(302) 576-1600<br>cseitz@seitzross.com<br>*Attorneys for Defendant McAfee Inc.* |
| OF COUNSEL: | OF COUNSEL: |
| Mark A. Flagel<br>Yury Kapgan<br>LATHAM & WATKINS LLP<br>355 South Grand Avenue<br>Los Angeles, CA  90071-1560<br>(213) 485-1234 | Edward G. Poplawski<br>Sandra S. Fujiyama<br>Olivia M. Kim<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, CA  90013<br>(213) 896-6000 |
| Dean G. Dunlavey<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA  92626-1925<br>(714) 540-1235 | Vernon M. Winters<br>SIDLEY AUSTIN LLP<br>555 California Avenue Street, Suite 2000<br>San Francisco, CA  94104<br>(415) 772-1200 |
| Andrew J. Fossum<br>LATHAM & WATKINS LLP<br>717 Texas Avenue, 16th Floor<br>Houston, TX  77002<br>(713) 546-7449 | |
| April 18, 2012<br>5871083.3 | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 18, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Joseph J. Farnan, III, Esquire<br>Brian E. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Park C. Folse, III, Esquire<br>Brooke A.M. Taylor, Esquire<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, WA  98101-3000<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Ryan K. Kirkpatrick, Esquire<br>SUSMAN GODFREY L.L.P.<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA  90067-6029<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| John P. Lahad, Esquire<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 1500<br>Houston, TX  77002<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)