IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHECK POINT SOFTWARE<br>TECHNOLOGIES LTD., et al.,<br><br>Defendants. | Case No. 10-1067-LPS<br><br>JURY TRIAL DEMANDED |

**INTELLECTUAL VENTURES I LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF JUNE 22, 2011 ORDER DENYING MOTION FOR TRANSFER**

I. **INTRODUCTION**

Almost 11 months after this Court issued its June 22, 2011 Order Denying Defendants' Motion to Transfer (D.I. 94, hereinafter "Transfer Order"), and over four months after the Federal Circuit issued its decision in *Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011) ("*Link_A-Media*"), Defendants filed a motion seeking reconsideration of the Transfer Order. Defendants' untimely motion does not identify any extraordinary circumstances meriting reconsideration; it misrepresents the facts upon which this Court's decision was based; and it ignores the significant factual differences between *Link_A_Media* and this case. This Court did not abuse its discretion in denying Defendants' motion to transfer, nor did it ignore or give insufficient weight to any of the *Jumara* factors. Accordingly, Plaintiff respectfully submits that Defendants' motion for reconsideration should be denied.

II. **ARGUMENT**

A. **Defendants' Motion is Untimely**

As an initial matter, Defendants' motion is procedurally defective. Defendants do not identify the authority under which their motion was filed, but it is untimely whether viewed as a motion for reconsideration pursuant to D. Del. L.R. 7.1.5, Fed. R. Civ. P. 59(e), or Fed. R. Civ. P. 60(b). Motions pursuant to D. Del. L.R. 7.1.5 must be filed "within 14 days after the Court

1

issues its opinion or decision"; motions pursuant to Fed. R. Civ. P. 59(e) must be filed "no later than 28 days after the entry of the judgment"; and motions pursuant to Fed. R. Civ. P. 60(b) must be filed "within a reasonable time." Defendants' motion was filed almost 11 months after the order upon which reconsideration is sought, and four-and-a-half months after the Federal Circuit's decision in *Link_A_Media*. It is untimely under any standard.

Defendants do not offer any explanation for their delay because no valid excuse exists. Defendants are all sophisticated companies represented by prominent national law firms.[1] If Defendants truly believed that *Link_A_Media* changed the law in any meaningful way, they should have immediately sought reconsideration. Instead, they sat on their hands for many multiples of the time limits provided in D. Del. L.R. 7.1.5. Defendants' motion should be denied on that basis alone. *See Becton Dickinson & Co. v. Tyco Healthcare Group LP*, No. 02-1694-GMS, 2006 WL 890995, *9 (D. Del. Mar. 31, 2006) (denying motion to reconsider claim construction order that was not filed within the ten day time frame specified by the previous version of Local Rule 7.1.5); *IPPV Enters., LLC v. Echostar Commc'ns Corp.*, No. 99-577-KAJ, 2003 WL 723260, at *9 (D. Del. Feb. 27, 2003) (same); *Moore N. Am., Inc. v. Poser Business Forms, Inc.*, No. 97–712–SLR, 2001 WL 253113, at *1 (D. Del. Mar. 7, 2001) (same); *Simms v. Phelps*, No. 09–87–SLR, 2012 WL 831841, at *2 (D. Del. 2012) (denying motion for reconsideration as untimely under Rule 60(b)).[2]

---

[1] McAfee's counsel until several weeks ago, Fish & Richardson, also represented the plaintiff in *Link_A_Media,* and Check Point is represented by Durie Tangri who represented the defendant.
[2] To the extent that Defendants suggest that the Federal Circuit excused their delay by denying the writ for mandamus without prejudice and suggesting that Defendants first file a motion for reconsideration in this Court, they are wrong. The Federal Circuit did not address either the timeliness or the merits of Defendants' motion for reconsideration; those are issues for this Court to determine in the first instance.

2

B. *Link A Media* **Did Not Change the Law Governing Transfer or Call Into Question Any Aspect of This Court's Thorough Analysis of the Public and Private Interest Factors**

Defendants' motion for reconsideration also fails on the merits. Defendants argue that reconsideration is warranted by the Federal Circuit's decision in *Link_A_Media*, yet Defendants fail to identify a single finding or legal conclusion in the Transfer Order that is inconsistent with *Link_A_Media*. Defendants' motion is nothing more than an improper attempt to re-present the very same arguments made in their original motion to transfer, which were correctly rejected by this Court in a detailed and comprehensive opinion. *See Simms*, 2012 WL 831841, at *1 ("A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided."); D. Del. L.R. 7.1.5 ("Motions for reargument shall be sparingly granted.").

As Defendants' implicitly concede, *Link_A_Media* did not change the law governing transfer in the Third Circuit. Rather, it stands for the uncontroversial proposition that a defendant's state of incorporation cannot be considered the ***dispositive*** factor in the transfer inquiry. 662 F.3d at 1224. In *Link_A_Media*, the only meaningful connection with Delaware was the defendant's incorporation here. *Id.* The plaintiff had no connection to Delaware, its operations and the defendant's operations were based in the Northern District of California, and all the relevant witnesses and documents were concentrated in the Northern District of California, including all of the inventors of the patent-in-suit. *Id.* The Federal Circuit found that the District Court abused its discretion in giving dispositive weight to the defendant's state of incorporation, and failed to properly consider the other public and private interest factors. *Id.*

Neither the relevant facts in this case nor the detailed legal analysis previously conducted by this Court bear any resemblance to those at issue in *Link_A_Media*. First, in this case, the ***plaintiff***—in addition to three of the four domestic Defendants—is a corporate citizen of Delaware. D.I. 60 at 3-4. Since the Federal Circuit issued its decision in *Link_A_Media* decision, this Court has repeatedly distinguished it and denied motions to transfer where, as here, the plaintiff is a corporate citizen of this State. As Judge Brum recently stated:

3

> Renesas argued in a supplemental submission that the Federal Circuit's recent decision in *In re Link A Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011) supports the propriety of transfer here. It does not. There, the Federal Circuit acknowledged the significance the Third Circuit affords the plaintiff's choice of forum, but found that the District Court had placed undue weight on the plaintiff's choice of forum where the plaintiff filed suit in Delaware and the only meaningful connection with Delaware was the defendant's incorporation in Delaware. Link A Media, 662 F.3d at 1323. Here, in contrast, as discussed above, the deference afforded Plaintiff's choice of forum is appropriately grounded in Plaintiff's own incorporation in Delaware.

*Tessera, Inc. v. Sony Electronics Inc., et al.*, No. 10-838-RMB, 2012 WL 1107706, at *3 n.4 (D. Del. Mar. 30, 2012); *see also Intellectual Ventures I LLC v. Altera Corp.*, --- F. Supp. 2d ----, 2012 WL 297720, at *3 (D. Del. Jan. 24, 2012); *Robocast, Inc. v. Apple, Inc.*, No. 11-235, 2012 WL 628010, *5 (D. Del. Feb. 24, 2012) ("*Robocast*") (denying motion to transfer where the plaintiff was a Delaware corporation, but had its principal place of business elsewhere, and stating that "I do not think [*Link_A_Media*] is particularly helpful in assessing the transfer request in this case, as its facts were very different.") (cited by Defendants).[3]

Second, unlike in *Link_A_Media*, the key non-party witnesses are not concentrated in the Northern District of California. Of the eleven inventors of the patents-in-suit, three are within the subpoena power of this Court, and only two are within the subpoena power of the Northern District of California. D.I. 60 at 7-8. So *Link_A_Media*'s analysis of the location of non-party witnesses has no relevance to this case.

Third, unlike in *Link_A_Media*, the development of the accused products is not concentrated in the Northern District of California or any other single district; rather, it is

---

[3] In quoting from *Robocast*, Defendants unwittingly acknowledge the limited scope of the *Link_A_Media* decision and its inapplicability to this case. *See* Mot. at 5. In *Robocast*, Judge Andrews described *Link_A_Media* as "unhelpful" and characterized that case as "generally as standing for the proposition that when the parties, all the witnesses, and all the evidence are in one distant jurisdiction, and the only connection to Delaware is that it is the state of incorporation of the defendant, and there is no other reason for the suit to be in Delaware, the suit must be transferred, upon timely request, to the distant jurisdiction." *Robocast*, 2012 WL 628010, at *5. That "proposition" has no more relevance to the present case than it did in *Robocast*: the parties, witnesses, and evidence are not concentrated in one distant jurisdiction, Defendants' incorporation is not the only connection to Delaware, and Plaintiff has identified several legitimate reasons why Delaware is an appropriate forum.

dispersed across the world, including Israel, the United Kingdom, Canada, China, Taiwan, and Colorado. D.I. 60 at 4-7. Indeed, while McAfee represented in the original transfer motion that dozens of allegedly important party witnesses were based in the Northern District of California, D.I. 37 & 38, its initial disclosures identify only one McAfee witness residing in the Northern District of California.[4] And none of the party witnesses identified in Check Point's initial disclosures appear to reside in the Northern District of California. So there is no concentration of relevant evidence and party witnesses in a single district, as was the case in *Link_A_Media*.

In sum, Defendants have not carried their burden of showing "extraordinary circumstances" warranting reconsideration, or that *Link_A_Media* renders any part of this Court's prior analysis erroneous. Indeed, only **two paragraphs** of the 23-page Transfer Order discuss the fact that Defendants are incorporated in Delaware, and neither of those paragraphs suggests—let alone makes a legal conclusion—that this fact is entitled to anything resembling dispositive weight. D.I. 94 at 8 & 13-14. To the contrary, the Court relied on Defendants' incorporation as merely one of several "legitimate and rational reasons for suing in Delaware." D.I. 94 at 8. This is, of course, entirely consistent with both Third Circuit and Federal Circuit law. See *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1332 (Fed. Cir. 2011) ("Given that both parties were incorporated in Delaware, they had both willingly submitted to suit there, which weighs in favor of keeping the litigation in Delaware."); see also *Cellectis S.A. v. Precision Bioscieces, Inc.*, No. 11-173-SRL, Slip Op. at 3-15 & n.8 (D. Del. May 3, 2012) (examining the "historical continuum that served as the backdrop for the Third Circuit's analysis" in *Jumara*, reaffirming that the "defendant's state of incorporation had always been predictable, legitimate venue for bringing suit," recognizing that "patent litigation does not constitute a local controversy in most cases," and denying motion to transfer even though plaintiff was neither incorporated or based in this District and defendant's principal place of business was in North Carolina) (attached as Exhibit B). Similarly here, both plaintiff and

---

[4] A true and correct copy of McAfee's initial disclosures is attached hereto as Exhibit A.

defendants are incorporated in Delaware and have willingly litigated here, so this Court should deny the motion for reconsideration.

### C. This Court Should Not Wait Until the Federal Circuit Takes Action in *In re Altera Corp.* To Deny the Motion for Reconsideration

Defendants' suggestion that this Court should defer ruling on the motion for reconsideration until the Federal Circuit takes action in *In re Altera Corp.*, Misc. No. 121 (Fed. Cir., docketed March 12, 2012) is unhelpful. First, the two cases are in substantially different procedural postures. In *In re Altera Corp.*, the defendants filed their petition approximately six weeks after the transfer order was issued in *Intellectual Ventures I LLC v. Altera Corp.*, --- F. Supp. 2d ----, 2012 WL 297720 (D. Del. Jan. 24, 2012). Here, defendants are seeking reconsideration eleven months after the underlying order issued, and over four months after the decision in *Link_A_Media*. As discussed above, the Court need not even examine the merits in order to summarily deny Defendants' untimely motion for reconsideration.

Second, in *In re Altera Corp.*, one of the defendants filed a declaratory judgment action in the Northern District of California before it was added to the action in this District, and certain counterclaims remain pending in the Northern District of California. In their petition for writ of mandamus in *In re Altera Corp.*, defendants rely on those facts in arguing that this Court erred. In this case, no analogous facts exist.

Third, Defendants' request will simply lead to further delay and inefficiency. This case was filed in December 2010. The Court issued a scheduling order nine months ago, depositions will be starting shortly, and claim construction is rapidly approaching. The Federal Circuit is unlikely to reach a decision before the Fall of 2012, when discovery in this case will be nearing its conclusion. Moreover, the decision to transfer an action is fact specific and, thus, even if the Federal Circuit transfers the *Altera* action that would not dictate the transfer of this action.

Lastly, to the extent that Defendants' motion intends to suggest that the Federal Circuit showed any inclination to grant the petition in *In re Altera Corp.* by ordering briefing from both parties, that suggestion is without merit. The Federal Circuit ordered briefing less than 24 hours

after the petition was filed, as is its standard practice in the absence of any obvious procedural abnormalities (which was the case with Defendants' petition in this case, which was based on a purported intervening authority that was not presented to this Court). Nothing about the Federal Circuit's order suggests that the *Altera* petition will ultimately be granted. *See, e.g., In re Xoft, Inc.,* 435 Fed. Appx. 948, 2011 WL 3606847 (Fed. Cir. Aug. 17, 2011) (following briefing by both parties, denying petition for writ of mandamus from order denying motion to transfer and rejecting contention that this Court "placed too much emphasis on the plaintiff's choice of forum").

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to transfer should be denied.

DATED: May 7, 2012

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Parker C. Folse III *(admitted pro hac vice)*
Brooke A.M. Taylor *(admitted pro hac vice)*
Lindsey N. Godfrey *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
pfolse@susmangodfrey.com
btaylor@susmangodfrey.com

Ryan C. Kirkpatrick *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950

Los Angeles, California 90067-6029
Telephone:    (310) 789-3107
Facsimile:    (310) 789-3150
rkirkpatrick@susmangodfrey.com

John P. Lahad *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone:    (713) 653-7859
Facsimile:    (713) 654-3386
jlahad@susmangodfrey.com

*Counsel for Plaintiff*