IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC,
Plaintiff,

v.

CHECK POINT SOFTWARE TECHNOLOGIES LTD., et al.,
Defendants.

§ Case No. 10-cv-1067-LPS

§ JURY TRIAL DEMANDED

§ **FILED UNDER SEAL**

# IV1'S REPLY IN SUPPORT OF TO ITS MOTION TO EXCLUDE SYMANTEC'S EXPERT'S OPINIONS REGARDING AN "INDICATION OF A CHARACTERISTIC" AND RELATED CLAIM TERMS AND "TECHNICALLY RELEVANT" PATENTS

Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Parker C. Folse III *(admitted pro hac vice)*
Brooke A.M. Taylor *(admitted pro hac vice)*
Lindsey N. Godfrey (*admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Richard W. Hess (admitted pro hac vice)
Weston O'Black (*admitted pro hac vice*)
John P. Lahad *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 653-7859
Facsimile: (713) 654-3386

Dated: August 2, 2013

*Counsel for Plaintiff*

## Table of Contents


I. Dr. Spafford's Opinions Regarding "Indication of the Characteristic" Should Be Struck ..... 1

A. Symantec Mischaracterizes the Parties' Claim Construction Dispute ..... 1

B. Symantec Mischaracterizes Dr. Spafford's Opinion ..... 5

C. Symantec Mischaracterizes the Basis for Dr. Spafford's Opinions ..... 7

II. Dr. Spafford's Opinions Regarding "Technically Relevant" Patents Should Be Struck ..... 9

III. Conclusion ..... 10




2817838v1/012255

## Table of Authorities

### Cases

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012) ........10

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) ........10

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
2013 WL 2178047 (D. Del. May 20, 2013) ........10

*ResQNet.com, Inc. v. Lansa, Inc.*,
594 F.3d 860 (Fed. Cir. 2010) ........9

Faced with the prospect of losing part of its non-infringement expert's opinion, Symantec tries to hide behind mortarboards and sheepskins. But whatever his academic qualifications, Dr. Spafford's credentials cannot rescue his opinions because they are unreliable and unhelpful to the jury. Symantec's Opposition Brief grossly mischaracterizes the parties' dispute about "an indication of the characteristic" and related terms as framed in the claim construction briefing, at the *Markman* hearing, and in the Court's *Markman* Order.

To defend Dr. Spafford's opinions regarding "technically relevant" patents, Symantec hails Dr. Spafford's analysis as rigorous, and points the finger back at IV1's expert. Dr. Spafford's analysis is the opposite of rigorous. It comprises a single sentence, which Dr. Spafford then applies to groups of patents. Likewise, a comparison of the experts' opinions reveals the disparity between Dr. Spafford's perfunctory review and Dr. McDaniel's extensive and thorough approach.

## I. Dr. Spafford's Opinions Regarding "Indication of the Characteristic" Should Be Struck

Symantec asserts that the Court's *Markman* order does not foreclose its expert's opinions by distorting what the parties actually contested and what the Court actually decided. Not only does Symantec twist the *Markman* record, it plays fast and loose with the basis for Dr. Spafford's opinions and his opinions themselves.

### A. Symantec Mischaracterizes the Parties' Claim Construction Dispute

IV1's Opening Brief established that the parties squarely presented to the court their dispute whether the '050 Patent's "indication of the characteristic" and related terms could include probabilities, likelihoods, and related scores. D.I. 517 at 4–7. The Court agreed with IV1 that claims scope was not limited to true/false results and could "be the result of something else, such as a probability, likelihood, or related scores." *Id.* at 6 (quoting D.I. 425 at 11).



2817838v1/012255

For whatever reason, Symantec allowed its non-infringement expert, Dr. Spafford, to adopt an opinion inconsistent with the Court's *Markman* Order. Now, Symantec argues that the parties did not dispute whether "an indication of the characteristic," *i.e.*, the output, could be a probability, likelihood, or score. Symantec contends that the parties instead disputed whether the "***process*** used to create the output" could include the use of probabilities or likelihoods. D.I. 540 at 6 (emphasis in original). The record belies Symantec's revisionism.

Symantec argues that "the Court's *Markman* Order did not expressly address the question of whether, or when, the ***output*** sent to the first tier systems (*i.e.*, the 'indication of the characteristic') could itself be a probability or likelihood." *Id.* (emphasis in original). False. In its *Markman* Order, the Court accurately framed the dispute as "whether **these limitations** must be **the result** of a true/false test or whether they may, instead, be **the result** of something else, such as a probability, likelihood, or related scores." D.I. 425 at 11 (emphasis added). The Court addressed the nature of "an indication of the characteristic" and related terms, *i.e.*, "these limitations", and unambiguously concluded that they could be probabilities, likelihoods, or related scores. In other words, under the Court's construction, the "results"—or "outputs" to use Symantec's term—can be probabilities, likelihoods, or related scores. Contrary to Symantec's argument, the Court did not hold that "the ***process*** used should not be limited to exclude the use of probabilities or likelihoods." D.I. 540 at 6 (emphasis in original).

Symantec argues that statements by IV1's counsel during the *Markman* hearing support its position that the dispute in fact focused on ***the process*** that results in the output, instead of the actual results. *Id.* at 7. This is a gross distortion of the record. First, IV1's counsel began his argument by summarizing the dispute as the parties had framed it during *Markman* process:



2817838v1/012255

> If we can go to, yes, the next term is "an indication of the characteristic." There are actually three phrases, including also "identify the existence of absence of said characteristic," and "indicating the presence or absence of a characteristic."
>
> **Each of these claims terms raises the question of what it means to identify or indicate the presence of absence of a characteristic.**

D.I. 340 at 5–16 (emphasis added). IV1's counsel never referenced the process. He did not describe the dispute as a difference on which algorithms yield indicators. To the contrary, he explicitly described the dispute as what constitutes an indicator.

Second, Symantec cites *Markman* hearing statements made by IV1's counsel in support of its newly-discovered position. D.I. 540 at 4–5. But those statements were not a description of the dispute. They were IV1's counsel's clarifications after defense counsel incorrectly framed the dispute, which the defense lawyer subsequently recognized and addressed:

> Apparently, I may have left a misimpression and I want to clear that up now. The central point of this patent, the claims in our construction is that it's the output of the test that is the true/false. **So it's the output, the end of this method is true or false**. You can test for any number of characteristics. Right? Have I seen this with X number of frequency? Is this present? **But it is the output of the analysis that represents the true/false test**. Apparently, I may have left a misimpression. And if so, I want to correct that here.

*Id.* at 72:13–23 (emphasis added). IV1's counsel was not espousing his view of the dispute. He was trying to correct the record before defense counsel's *mea culpa*. *See, e.g., id.* at 64:24–65:2. ("The patent doesn't say that it has to be that the step used to make the determinations is a true/false test with respect to the hash or the content.").

The Court likewise understood defendants' confusion and cleared the record:

> THE COURT: Well, certainly Mr. Folse seemed to understand your construction to be the process of determining the output was true/false.
>
> **You are now clarifying that is not what you intend.**
>
> MR. WINTERS: **It's the output of the process**. And we saw this in claim 9 and the ones that go on. . . For example, claim 9, that determines whether you find a match. **And the end of that analysis is true or false**.

*Id.* at 72:24 –73:8. Symantec somehow contends that defense counsel's clarification and the Court's confirmation thereof support its position. D.I. 540 at 8. But it is clear that the parties disputed the nature of the output, not the process, and Symantec makes no effort to explain how statements such as "So, it's the output," "It's the output of the process," or "the end of that analysis" support its position that the dispute was not about the output or the end of the analysis.

Without mischaracterizing the *Markman* hearing, Symantec has nothing on which to rest its contrived argument. It certainly does not—and cannot—point to anything in the briefing on these terms to support its position. Symantec scoured the *Markman* briefs searching for such support, but Symantec does not cite a single word from the parties' briefs in support of its current position. Put another way, Symantec would have the Court believe that its *Markman* Order resolved a dispute that was never raised in the briefs.[1]

The parties' claim construction briefs reflect that the dispute, at all times, revolved around the output or the result, and not the process. *See* D.I. 517 at 4–5. In fact, the first line of the section of Defendants' Opening *Markman* Brief on these terms states:

> Using slightly different language, each of the independent claims contain a core requirement: **that the presence or absence of a "characteristic" be identified or indicated**.

D.I. 224 at 11. Later in their Opening Brief, Defendants state:

> In other words, after receiving the identifier, the second limitation's step determines whether an e-mail message has a property (*e.g.*, whether it is spam) and **the disputed third limitation's step responds, in a binary way, to a query about whether that property is present** (*e.g.*, is this spam? is this a virus?). In essence, the disputed third limitation provides **the result** of a true/false test for the existence or absence of the property that was the subject of the query.

[1] Symantec's Opposition Brief repeatedly highlights the word "process" in bold italics, but that word does not appear once in the relevant sections of Defendants' *Markman* briefs.

D.I. 224 at 11–12. These lines, which purport to highlight a core requirement of the claims, say nothing about the process. So not only does Symantec want the Court to believe that its Order resolved a dispute missing from the briefs, it wants the Court to believe that its Order did not resolve a dispute actually raised in the briefs.

Finally, the Court need look no further than the parties' proposed constructions for these terms, as outlined in the table below, to confirm the sheer baselessness of Symantec's argument.

| **Claim Term (Claim)** | **Plaintiff's Proposed Construction** | **Defendants' Proposed Construction** |
|---|---|---|
| "an indication of the characteristic" (claim 9) | "a descriptor of the content (e.g., spam, virus, junk email, copyrighted)" (claim 9) | "the result of a true/false test for a property of the content" (claim 9) |
| "identify the existence or absence of said characteristic" (claim 16) | "identify whether or not the message is of a certain type or classification" (claim 16) | "providing the result of a true/false test for the existence or absence of the property of the content" (claim 16) |
| "indicating the presence or absence of a characteristic" (claim 22) | "indicating the presence or absence of a characteristic (e.g., spam, virus, copyright, bulk email)" (claim 22) | "providing the result of a true/false test for the presence or absence of a property of the content" (claim 22) |

If there was any merit to Symantec's position, Defendants would have proposed constructions limited to the process, *e.g.*, "a true/false test," instead of constructions that focused on the result or providing the result, *i.e.*, the output. Likewise, if the parties disputed the process, IV1 would not have proposed constructions so closely tied to the output, *e.g.*, "the descriptor of the content" or "indicating the presence." But neither party limited their constructions to the process, and neither did the Court when it adopted IV1's proposed constructions.

B. Symantec Mischaracterizes Dr. Spafford's Opinion

Symantec now argues that Dr. Spafford has not opined that the reputation scores are probabilities or likelihoods. D.I. 540 at 9 (asserting that Dr. Spafford merely responded to Dr. McDaniel's "far more expansive view of what qualifies as a characteristic.") Symantec

again ignores the record. First, at his deposition, Dr. Spafford [redacted]

Exhibit 1, Spafford Dep. Tr., at 164:21–165:7 (emphasis added). Gerry Egan, a Symantec executive, also testified that [redacted]

Exhibit 2, Egan Dep. Tr., at 18:23–19:6; 33:14–34:12. Thus, Symantec is wrong that a reputation score does not "constitute a probability or likelihood that a file is malicious." D.I. 540 at 9.

Second, Dr. Spafford's expert report makes clear that he disagrees with Dr. McDaniel's opinion [redacted] In discussing the relevant claim limitation, Dr. McDaniel opines [redacted]

[redacted] Exhibit 3, McDaniel Inf. Report (Symantec), at ¶193 (emphasis added). In response, Dr. Spafford opines:

[redacted]

Exhibit 4, Spafford Rebuttal Report, at ¶256 (emphasis added). Dr. Spafford goes on to say:

[redacted]

*Id.* at ¶257 (emphasis added). Thus, there can be no dispute that [redacted]

C. Symantec Mischaracterizes the Basis for Dr. Spafford's Opinions

Symantec then argues that Dr. Spafford's opinion is [redacted] Symantec supports the argument by citing the portion of Dr. Spafford's report where he states [redacted] *Id.* (citing Spafford Rpt. ¶¶ 246-248). But that argument is dead. [redacted]

[redacted]



Exhibit 1, Spafford Dep. Tr., at 186:17–187:13. Dr. Spafford's non-infringement opinion cannot be based on something the claims do not require.

Symantec also argues that Dr. Spafford's opinions are based on statements by IV1 during reexamination of the '050 Patent. D.I. 540 at 10–11. But at his deposition, Dr. Spafford testified



Exhibit 1, Spafford Dep. Tr., at 190:5–10, 191:15–19.

[2] Symantec also mischaracterizes IV1's arguments. Nothing in IV1's Opening Brief confirms that the Townshend patent anticipates the '050 Patent. As explained in IV1's Responsive Brief to Symantec's Motion for Summary Judgment, D.I. 536, Symantec cannot show by clear and

II. Dr. Spafford's Opinions Regarding "Technically Relevant" Patents Should Be Struck

Symantec offers two unfounded arguments to salvage Dr. Spafford's opinion that patents licensed in agreements on which Symantec's damages expert relies are "technically relevant" to the patents-in-suit. First, Symantec claims that Dr. Spafford used a "reliable methodology." D.I. 540 at 13–17. Second, Symantec argues that Dr. Spafford's analysis is as reliable as that of IV1's expert, Dr. McDaniel. Neither argument finds any support in the record.

Here is Dr. Spafford's "methodology" [REDACTED]

[REDACTED]

[REDACTED] But a "brief summary" is not an adequate comparison. For example, Symantec is arguing that the following excerpt from Dr. Spafford's report adequately summarizes the features of a patent such that a person of ordinary skill would find it "technically comparable" to the '050 Patent:

[REDACTED]

Exhibit 4, Spafford Rebuttal Report, at ¶409. The law requires more than this cursory description. A single line does not link features in the licensed patents to those in the patents-in-suit or account for the technological differences between the patents as required by *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010), *Lucent Techs., Inc. v. Gateway,*

---

convincing evidence that Townshend anticipates the '050 Patent as a matter of law. For one thing, Townshend's "count" is not "an indication of the characteristic" as construed by the Court.

*Inc.*, 580 F.3d 1301 (Fed. Cir. 2009), and similar cases.[3] As the Federal Circuit warned in *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012), "alleging a loose or vague comparability between different technologies or licenses does not suffice." That is all Dr. Spafford has done, so his opinions must be rejected.[4]

Finally, Symantec argues that "Dr. McDaniel's opinions do not provide any more detail than Dr. Spafford's." D.I. 540 at 15. A comparison of the two experts' opinions demolishes this claim. Exhibit 5 shows their contrasting analysis for

Dr. McDaniel's analysis outweighs Dr. Spafford's by every measure. Symantec's argument that Dr. McDaniel has set a low bar is as thin as its expert's opinions.

III. Conclusion

IV1 respectfully requests that the Court strike Dr. Spafford's opinions on "an indication of the characteristic" and his comparison of ostensibly "technically relevant" patents.

---

[3] Symantec argues that cases like *ResQNet.com* and *Lucent* "strongly support the conclusion that regardless of the methodology employed, settlement agreements and patent licenses involving patents other than the patent-in-suit are not reliable evidence as to what constitutes a reasonable royalty." D.I. 540 at 17. Symantec misstates the holdings of these cases. As this Court has described it, the Federal Circuit held in *ResQNet.com*:

> The district court erred by considering re-bundling licenses to significantly adjust upward the reasonable royalty without any factual findings that account for the technological and economic differences between those licenses and the patent

*Masimo Corp. v. Philips Elec. N. Am. Corp.*, 2013 WL 2178047, at *20 (D. Del. May 20, 2013). Thus, contrary to Symantec's characterization, *ResQNet.com* and *Lucent* do not stand for the bald proposition that agreements to patents other than those in suit are unreliable evidence.

[4] Symantec's brief contains paragraphs of argument purporting to justify Dr. Spafford's bare conclusions. *See* D.I. 540 at 15–16. But these new "justifications" do not come from Dr. Spafford's report. Symantec cannot avoid a *Daubert* challenge by backfilling Dr. Spafford's report with its counsel's additional justifications that Dr. Spafford did not rely on or disclose.

Dated: August 2, 2013

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan

Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

Parker C. Folse III (admitted *pro hac vice*)
Brooke A.M. Taylor (admitted *pro hac vice*)
Lindsey N. Godfrey (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
pfolse@susmangodfrey.com
btaylor@susmangodfrey.com
lgodfrey@susmangodfrey.com

Richard W. Hess (admitted *pro hac vice*)
Weston O'Black (admitted *pro hac vice*)
John P. Lahad (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 653-7859
rhess@susmangodfrey.com
woblack@susmangodfrey.com
jlahad@susmangodfrey.com

*Attorneys for Plaintiff*