IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 10-1067-LPS |
| : | |
| CHECK POINT SOFTWARE : | |
| TECHNOLOGIES LTD., CHECK POINT : | |
| SOFTWARE TECHNOLOGIES, INC., : | |
| MCAFEE, INC., SYMANTEC CORP., : | |
| TREND MICRO INCORPORATED, and : | |
| TREND MICRO, INC. (USA), : | |
| : | |
| Defendants. : | |
| : | |
| INTELLECTUAL VENTURES I LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 12-1581-LPS |
| : | |
| TREND MICRO INCORPORATED, and : | |
| TREND MICROS, INC. (USA) : | |
| : | |
| Defendants. : | |

## ORDER

At Wilmington this 31st day of March, 2014:

For the reasons stated in the Memorandum Opinion issued this same date, IT IS HEREBY ORDERED that:

1. Defendants' motion for leave to supplement the record to address recently developed facts regarding their motion for clarification of the Court's construction of "within the telephone network" (D.I. 498, C.A. No. 10-1067; D.I. 63, C.A. No. 12-1581) is GRANTED.

2. Defendants' motions for clarification of the Court's construction of "within the telephone network" (D.I. 437, C.A. No. 10-1067) (D.I. 10, C.A. No. 12-1581) are DENIED.

3. IV's motion to exclude three opinions of Symantec damages expert W. Christopher Bakewell (D.I. 514, C.A. No. 10-1067) is DENIED.

4. Symantec's *Daubert* motion to exclude the testimony of Intellectual Ventures' Damages Expert, Michael Wagner (D.I. 511, C.A. No. 10-1067), is DENIED.

5. Trend Micro's *Daubert* motion to exclude the opinions and testimony of Plaintiff's damages expert (D.I. 73, C.A. No. 12-1581) is DENIED.

6. IV's motion to exclude Trend Micro's experts' opinions on one purported "non-infringing" alternative design ("offshoring servers" – '050 patent) (D.I. 76, C.A. No. 12-1581) is DENIED.

7. IV's motion to exclude Trend Micro's experts' opinions on one purported "non-infringing" alternative design ("offshoring servers" – '610 patent) (D.I. 78, C.A. No. 12-1581) is DENIED.

8. IV's motion to exclude Symantec's expert's opinions regarding an "indication of a characteristic" and related claim terms and "technically relevant" patents (D.I. 517, C.A. No. 10-1067) is GRANTED IN PART AND DENIED IN PART.

9. Symantec's motion for summary judgment (D.I. 508, C.A. No. 10-1067) is DENIED IN PART AND GRANTED IN PART.

10. Trend Micro's motion for summary judgment (D.I. 71, C.A. No. 12-1581) is DENIED IN PART AND GRANTED IN PART.

11. IV's motion for partial summary judgment on eight Trend Micro affirmative defenses (D.I. 80, C.A. No. 12-1581) is GRANTED.

12. Defendants' motion for partial summary judgment on four Symantec affirmative defenses (D.I. 519, C.A. No. 10-1067) is unopposed and GRANTED.

13. Symantec's motion for leave to amend answer, affirmative defenses, and counterclaims (D.I. 451, C.A. No. 10-1067) is DENIED.

14. Trend Micro's motion for leave to amend answer, affirmative defenses, and counterclaims (D.I. 30, C.A. No. 12-1581) is DENIED.

15. Defendants' motion for sanctions for spoliation of evidence (D.I. 454, C.A. No. 10-1067) (D.I. 22, C.A. No. 12-1581) is DENIED.

16. The parties shall meet and confer and submit, no later than ten (10) days after the date of this Order, a joint status report, including their proposal(s) for how this case should proceed.

17. Because today's Memorandum Opinion has been issued under seal, the parties shall meet and confer and submit, no later than April 4, 2014, a proposed redacted version of the Memorandum Opinion to be released to the public.

_____
UNITED STATES DISTRICT JUDGE