IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 10-cv-1067-LPS |
| SYMANTEC CORPORATION, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § § § § § | |

## JOINT PROPOSED PRETRIAL ORDER – PATENT

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16

of the Federal Rules of Civil Procedure.

**Plaintiff's Counsel:**

| | |
|---|---|
| Joseph J. Farnan, III | Parker C. Folse III (Pro Hac Vice) |
| Brian E. Farnan | Brooke A.M. Taylor (Pro Hac Vice) |
| Michael J. Farnan | SUSMAN GODFREY L.L.P. |
| FARNAN LLP | 1201 Third Avenue, Suite 3800 |
| 919 N. Market Street, 12th Floor | Seattle, WA 98101-3000 |
| Wilmington, Delaware 19801 | (206) 516-3880 (Tel.) |
| (302) 777-0300 (Tel.) | (206) 516-3883 (Fax) |
| (302) 777-0301 (Fax) | pfolse@susmangodfrey.com |
| jjfarnan@farnanlaw.com | btaylor@susmangodfrey.com |
| bfarnan@farnanlaw.com | |
| mfarnan@farnanlaw.com | Richard W. Hess (Pro Hac Vice) |
| | John P. Lahad (Pro Hac Vice) |
| | Weston O'Black (Pro Hac Vice) |
| | SUSMAN GODFREY L.L.P. |
| | 1000 Louisiana Street, Suite 5100 |
| | Houston, TX 77002 |
| | (713) 651-9366 (Tel.) |
| | (713) 654-3386 (Fax) |
| | rhess@susmangodfrey.com |
| | jlahad@susmangodfrey.com |
| | woblack@susmangodfrey.com |

**Defendant's Counsel:**

| | |
|---|---|
| Jack B. Blumenfeld<br>Thomas C. Grimm<br>Karen Jacobs<br>Michael J. Flynn<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>tgrimm@mnat.com<br>kjacobs@mnat.com<br>mflynn@mnat.com | OF COUNSEL:<br><br>Dean G. Dunlavey<br>Joseph H. Lee<br>Latham & Watkins LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>dean.dunlavey@lw.com<br>joseph.lee@lw.com<br><br>Douglas E. Lumish<br>Jeffrey G. Homrig<br>Michelle Woodhouse<br>Latham & Watkins LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>(650) 328-4600<br>doug.lumish@lw.com<br>jeff.homrig@lw.com<br>michelle.woodhouse@lw.com<br><br>Neil A. Rubin<br>Kathy Yu<br>Latham & Watkins LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1560<br>(213) 485-1234<br>neil.rubin@lw.com<br>kathy.yu@lw.com |

I.
Nature of the Case

This is a patent infringement action filed by Plaintiff Intellectual Ventures I LLC

("Intellectual Ventures") on December 8, 2010 against Defendant Symantec Corporation

("Symantec") (collectively, "the parties"). (D.I. 1, C.A. No. 10-1067.)  Intellectual Ventures

alleges that Symantec infringes U.S. Patent Nos. 5,987,610 (the '610 patent), 6,073,142 (the '142

patent), and 6,460,050 (the '050 patent) (collectively, "the patents-in-suit").  In its original and

operative complaint, Intellectual Ventures also sued Check Point Software Technologies Ltd.,

Check Point Software Technologies, Inc., McAfee, Inc., Trend Micro Incorporated and Trend

Micro, Inc. (USA). Intellectual Ventures settled with the Check Point defendants and McAfee,

Inc. (along with its parent, Intel, Corp.).  The Court severed Intellectual Ventures' action against

the Trend Micro defendants on November 21, 2012 into Civil Action No. 12-1581.

Intellectual Ventures alleges that Symantec directly infringes claim 7 of the '610 patent;

claims 1, 7, 17, 21, 22, 24, and 26 of the '142 patent; and claims 9, 16, and 22 of the '050 patent.

Intellectual Ventures seeks compensation under 35 U.S.C. § 284 for infringement. [**Symantec's**

**additional statement:** Intellectual Ventures originally alleged that Symantec infringes U.S.

Patent No. 7,506,155 (the '155 patent).  However, Intellectual Ventures has now withdrawn all

of its allegations against Symantec regarding the '155 patent and did so after summary judgment.

Accordingly, Symantec is entitled to judgment of non-infringement as to the '155 patent and the

dismissal of Intellectual Ventures' infringement claims as to that patent with prejudice.]

[**Intellectual Ventures' additional statement:** Intellectual Ventures narrowed its asserted

claims in the interest of streamlining the trial.]

Symantec filed an answer to Intellectual Ventures' complaint on January 31, 2011.

(D.I. 23.)  More specifically, Symantec denied Intellectual Ventures' allegations that Symantec

infringes the patents-in-suit and asserted a number of defenses against the allegations of

infringement, including, *inter alia*, that the patents-in-suit are invalid. Symantec also asserted

counter-claims against Intellectual Ventures, seeking declaratory judgments that the patents-in-

suit are invalid and are not infringed.

A pretrial conference is scheduled on January 9, 2015 at 10 a.m.  (D.I. 596.)  Trial is

scheduled from January 26, 2015 through February 6, 2015.

II.

Jurisdiction

The Court's subject matter jurisdiction is not disputed and is based on 28 U.S.C. §§ 1331

and 1338(a).  Personal jurisdiction is not contested for purposes of this action.

III.

Facts

A.      Uncontested Facts

Attached as **Exhibit 1** are facts that are not disputed or have been agreed to by the parties

and require no proof at trial.  The facts set forth in Exhibit 1 are part of the evidentiary record in

the case. Either party, with prior notice to the other party, may read any or all of the uncontested

facts to the jury or Court, and will be charged for the time used to do so.

B.      Contested Facts

Intellectual Ventures' statement of contested facts that remain to be litigated is set forth

in **Exhibit 2**.  Symantec's statement of contested facts that remain to be litigated is set forth in

**Exhibit 3**.

The parties reserve the right to modify or supplement their statements of facts that remain

to be litigated to the extent necessary to reflect fairly the Court's rulings on any motions or

subsequent orders of the Court or by agreement of the parties.

IV.

Issues of Law

Intellectual Ventures' statement of the issues of law that remain to be litigated is set forth

in **Exhibit 4**.  Symantec's statement of the issues of law that remain to be litigated is set forth in

**Exhibit 5**.

The parties reserve the right to modify or supplement their statements of issues of law that remain to be litigated to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## V.
### Witnesses

Presentation of evidence will follow the burden of proof.  Intellectual Ventures will go first and present its case-in-chief on infringement and damages.  Symantec will then present its response on infringement and damages, and case-in-chief on invalidity.  Intellectual Ventures may then present its rebuttal on damages and infringement, and response on invalidity. Symantec may then present its rebuttal on invalidity.

The listing of a witness on a party's witness list does not require the party to call that witness to testify, and does not imply or establish that the listing party has the power to compel the live testimony of that witness or make that witness available to the opposing party.  Any witness not listed will be precluded from testifying, absent good cause shown.

The parties agree that should Intellectual Ventures call Symantec's corporate representative witness in its case-in-chief, Symantec's examination of the witness may go beyond the scope of Intellectual Ventures' examination, so that the witness only needs to take the stand once.  [**Intellectual Ventures' Position**: Intellectual Ventures will follow the parties' agreed procedure for disclosing witnesses as stated in Section V.F. below.  Intellectual Ventures has also already disclosed that it may call Symantec's corporate representative in its case.] [**Symantec's Position**: If Intellectual Ventures intends to present testimony from Symantec's corporate representative witness as part of Intellectual Ventures' case-in-chief, Intellectual Ventures should provide Symantec notice of such intent no later than January 12, 2015, in order

to allow Symantec to prepare and produce the witness.  Intellectual Ventures is unwilling to commit as to whether it will call the witness in its case-in-chief.]

A.     List of Witnesses Intellectual Ventures Expects to Call (subject to developments at trial)

    1.     Expert witnesses Intellectual Ventures may call by live testimony, and the subject matter(s) on which those witnesses will testify

- Patrick McDaniel, Ph.D, will testify on infringement of '050, '610 and '142 patents, the validity of those patents, and respond to the testimony of Symantec witnesses.

- Michael Wagner, will testify on damages due to Intellectual Ventures for Symantec's infringement of Intellectual Ventures' patents and respond to the testimony of Symantec witnesses.

    2.     Non-expert witnesses Intellectual Ventures may call by live testimony

- Nathan Myhrvold

- Richard Harris

- Brooks Talley

- William Wood

- John Bretscher

- Symantec's Corporate Representative(s) (adverse)

B.     List of Witnesses Symantec Expects to Call (subject to developments at trial)

    1.     Expert witnesses Symantec may call by live testimony, and the subject matter(s) on which those witnesses will testify

- Aviel Rubin, Ph.D., will testify regarding the invalidity of the Patents-in-Suit and respond to the testimony of IV's expert witnesses.

- Eugene H. Spafford, Ph.D., will testify regarding the non-infringement of the Patents-in-Suit, non-infringing alternatives and design arounds, patents that are comparable and not comparable to the Patents-in-Suit, customer survey data, and respond to the testimony of IV's expert witnesses.

- W. Christopher Bakewell will testify regarding IV's alleged damages and respond to the testimony of IV's expert witnesses.

2.      <u>Non-expert witnesses Symantec may call by live testimony</u>

- Peter Baggiolini

- Piero DePaoli

- Gerry Egan

- Paul Fletcher

- Bruce McCorkendale

- Viral Mehta

- Carey Nachenberg

- Charles Rice

- William Sobel

- Angela Ziegenhorn

The listing of a witness on a party's witness list does not necessarily mean that the listing party has the power to compel the live testimony of that witness.  The parties stipulate that each of the expert witnesses identified above is qualified under the Federal Rules to testify as an expert on the subject matter(s) identified for each expert witness, subject to any prior rulings (including, without limitation, rulings on the parties' *Daubert* motions) limiting their testimony. The parties further agree that the Court consider these expert witnesses tendered for their identified subject matter and ask that the Court accept the tenders without further need for qualification.  Notwithstanding the foregoing, the parties may present their experts' qualifications to the jury.

C.      Testimony by Deposition

Intellectual Ventures' designations of deposition testimony that it may introduce at trial, Symantec's objections to such designations, Symantec's counter-designations, and Intellectual Ventures' objections to Symantec's counter-designations are attached as **Exhibit 6**.[1]

Symantec's designations of deposition testimony that it may introduce at trial, Intellectual Ventures' objections to such designations, Intellectual Ventures' counter-designations, and Symantec's objections to Intellectual Ventures' counter-designations are attached as **Exhibit 7**.[2]

This pretrial order contains the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony; none of the foregoing may be supplemented without approval of both parties or leave of the Court, on good cause shown, although parties may object to deposition designations based on future Court rulings on pending motions *in limine*.

1.      Deposition Testimony Disclosure Procedure

By 7:00 p.m. no later than four (4) calendar days before the designations are intended to be used in Court, each party will provide the other with a list of final deposition designations (from the previously designated testimony in the Final Pretrial Order) that it intends to introduce, and identify the manner in which the deposition will be used, either by video or reading the transcript into the record.  By 6:00 p.m. on the following day, the opposing party will provide its counter-designations and any objections to the other party's designations.  The opposing party will also specify if it intends to play the deposition video of its counter-designations or read the

---

[1] Symantec does not believe that Exhibit 6 conforms to the format or discloses the information desired by the Court.  Intellectual Ventures disagrees.

[2] To the extent Exhibits 6 and 7 conflict with the highlighted transcripts the parties exchanged pursuant to the Court's Scheduling Order (but not filed with the Court), the parties agree that the highlighted transcripts will control.

transcript in Court.  By 8:00 p.m. on the same day, the original party will provide its objections

to the opposing party's counter-designations.  By 10:00 p.m. on the same day, the parties will

meet and confer concerning objections.  Any remaining objections will be presented to the Court

the two (2) calendar days before the witness is to be called at trial via deposition, and no

testimony subject to remaining objections may be played back before the Court resolves

objections.

If there are objections that remain to be resolved, the party calling the witness by

deposition shall, no later than two (2) calendar days before the witness is to be called at trial,

submit, on behalf of both parties: (i) a copy of the entire deposition testimony of the witness at

issue, clearly highlighting the designations, counter-designations, and pending objections; and

(ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no

more than one sentence per objection) of the basis for the objection and the offering party's

response to it.  Failure to comply with these procedures, absent an agreement by the parties and

approval by the Court, will result in waiver of the use of the deposition testimony or waiver of

objection to the use of the deposition testimony.

All irrelevant and redundant material, including colloquy between counsel and

objections, will be eliminated when the deposition is read or viewed at trial.

When the witness is called to testify by deposition at trial, the party calling the witness

will provide the Court with two copies of the transcript of the final designations and counter-

designations that will be read or played.  The parties will be charged for all time that elapses

from the time the witness is called until the next witness is called, according to the proportions to

be provided by the parties.

For those depositions that have been recorded by video, a party may introduce the deposition excerpt by video instead of, or in addition to, by transcript.  If a party opts to introduce deposition testimony by video, the opposing party's counter-designations of that same witness's deposition testimony does not need to also be submitted by video.  When deposition designation excerpts are introduced, all admissible deposition counter-designation excerpts, whether offered by video or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given, except to the extent that an expert relies on such deposition testimony in support of his/her opinion, in which case counter-designations need not be played at the same time, provided the testimony was properly designated, and further provided the opposing party is given an opportunity to present its counter-designations at another time.  The parties reserve all objections to such testimony relied upon by the opposing party's experts, as set forth in the appropriate exhibits to this pretrial order.

To the extent such designations are read or played in open court, each party will be charged for the time taken to read or play its designations, as measured by the proportion of lines of testimony for its designations to the total number of lines of testimony read or by the actual time elapsed on the video recording when played.

D.      Impeachment with Prior Inconsistent Testimony

Deposition and other testimony not specifically identified on a party's deposition designation list may be used at trial for the purpose of impeachment, if otherwise competent for such purpose.  The parties agree that the Court should rule at trial on any objections based on lack of completeness and/or lack of inconsistency.

E.      Objections to Expert Testimony

The parties have submitted motions *in limine* that will affect the scope of expert testimony.  The parties agree that the Court should rule at trial on any objections to expert

testimony as beyond the scope of prior expert disclosures, and that a failure to object to expert testimony as beyond the scope of prior expert disclosures waives the objection as to that testimony.  **[Symantec additional statement:** The time taken to argue and decide such objections will be taken from the time for trial available to either the party making the objection, if the objection is overruled, or the party against whom the objection is made, if the objection is sustained.]

F.      Witness Disclosure Procedure

Each party will provide the other a list identifying the specific witnesses that it intends to call on direct, and the order in which live witnesses will be called, by 7:00 p.m. (all times are Eastern time) two (2) calendar days before **[Intellectual Ventures' position:** the day that party begins direct presentation of evidence**] [Symantec's position:** the day on which it intends to call those witnesses at trial. (For example, if a party intends to call a witness on Wednesday, that party will disclose that witness's name to the opposing party no later than 7:00 p.m. on Monday.)**]**  Each party will identify which witnesses will be called live and which will be offered by deposition.  Except for good cause shown or by agreement of all parties, a party will be bound to call the live witnesses identified in its list in the order identified, and all witnesses in the manner (*i.e.*, live or by deposition) identified.  A party is not required to call witnesses appearing by deposition in the order disclosed, but must follow the procedure agreed in section V.C.1.  A party may withdraw any witness from its disclosed list before calling that witness, but a party may not add to, or replace witnesses from, its disclosed list after the time for such disclosure, except for good cause shown or by agreement of all parties.

Each party must also notify the other party when it expects to conclude its direct presentation of evidence by 6:00 p.m. two (2) calendar days before the day on which it expects to conclude its direct presentation of evidence.

11

VI.
Exhibits and Demonstrative Exhibits

A.      Exhibits

Intellectual Ventures' list of trial exhibits that it intends to offer at trial, including

Symantec's objections, is attached as **Exhibit 8**.

Symantec's list of trial exhibits that it intends to offer at trial, including Intellectual

Ventures' objections, is attached as **Exhibit 9**.

A list of exhibits that are on both parties' respective exhibits lists, to which there have

been no objections lodged, is attached as **Exhibit 10**.

1.      Stipulations Concerning Trial Exhibits

Exhibits that a party seeks to move into evidence to which no objection has been made

will be received into evidence without the need for additional foundation testimony once

introduced through and shown to a testifying witness.  All exhibits to be admitted must be

formally moved into evidence by exhibit number.  Exhibits may not be published, displayed, or

otherwise shown to the jury until after they have been admitted into evidence, except for

purposes of impeachment.  Once admitted, counsel may publish exhibits to the jury without

requesting to do so.

The parties agree that any description of a document on an exhibit list is provided for

convenience only and may not be used as an admission or otherwise as evidence regarding the

listed document or any other listed document.

A party may not add exhibits to its exhibit list after the date of the Final Pretrial Order is

entered by the Court, except for good cause shown or by agreement of all parties.  A party may

use an exhibit that is listed on the other party's exhibit list, to the same extent as if it were on its

own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted at trial, may be

12

used equally by either party for any proper purpose in accordance with the Federal Rules of Evidence.  The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to enter the document into evidence.  The listing party need not list objections to the other party's introduction of such exhibits into evidence.

Any trial exhibit, including source code, that was produced in discovery by a party and that on its face appears to have been authored by an employee, officer, or agent of the party producing such document, will be deemed to be a true and correct copy of a document maintained in that party's files as of the date of the party's document collection under Federal Rule of Evidence 901.

On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

A party will identify exhibits to be used in connection with direct examination by 7:00 p.m. the day before their intended use, and objections will be provided no later than 10:00 p.m. the night before their intended use.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits must bring its objections to the Court's attention before the witness being called to the witness stand.

2.    <u>Demonstrative Exhibits</u>

The parties will exchange copies of demonstratives to be used in opening statements by 8:00 p.m. two days before opening statements.  For instance, if opening statements are scheduled to occur on a Monday, then the parties will exchange copies of demonstratives to be used in opening statements by 8:00 p.m. on Saturday.  The parties will provide any objections to such demonstratives by noon on the day before opening statements.

13

The parties will provide copies of demonstrative exhibits expected to be used during the direct examination of a witness by 7:00 p.m. the night before their intended use, and objections will be provided no later than 10:00 p.m. the night before their intended use.  If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD or CD or other format that allows for viewing of the video or animations.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation of it in PDF format or make them available for inspection.

This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross examination, neither of which need be provided to the other side in advance of their use.  In addition, blow-ups or highlights of exhibits or testimony are not required to be provided to the other side in advance of their use, whether on direct or cross.

Any transcripts of testimony (excluding testimony given during this trial) must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening or on direct examination.  Demonstrative exhibits need not be included in the parties' respective exhibit lists.  Reasonable, non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits before use.

If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party must bring its objections to the Court's attention before the opening statement or before the applicable witness being called to the witness stand.

## VII.
### Damages

At trial, Intellectual Ventures will seek damages, pursuant to 35 U.S.C. § 284 and as set forth in its expert reports, as compensation for Symantec's alleged past infringement and any continuing and future infringement of the patents-in-suit up until the date judgment is entered. Intellectual Ventures will further seek a post-trial accounting of damages, an award of prejudgment and post-judgment interest, an award of attorneys' fees pursuant to 35 U.S.C. § 285, and interests, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Fed. R. Civ. P. 54.

Symantec denies that it owes Intellectual Ventures any damages, because it alleges that the asserted claims of the patents-in-suit are invalid and alleges that the patents are not infringed by Symantec.  Symantec will seek an award of attorneys' fees, costs, and other appropriate disbursements pursuant to and as justified under 35 U.S.C. § 285 and/or Fed. R. Civ. P. 54.

Symantec also contests Intellectual Ventures' calculation of damages pursuant to 35 U.S.C. § 284 and, as set forth in its expert reports, will present its own calculation of damages under 35 U.S.C. § 284, should Symantec be found to have infringed a valid patent claim.

Symantec also intends to present its own calculations regarding the appropriateness of any other damages Intellectual Ventures may seek, including without limitation a post-trial accounting of damages, an award of prejudgment and post-judgment interest, an award of attorneys' fees pursuant to 35 U.S.C. § 285, and interests, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Fed. R. Civ. P. 54.

VIII.
Bifurcated Trial

The parties have not requested a bifurcated trial, and the Court has not ordered the trial to
be bifurcated.

IX.
Motions *in Limine*

Intellectual Ventures' contested motions *in limine*, Symantec's oppositions, and
Intellectual Ventures' replies are attached as **Exhibit 11**.

Symantec's contested motions *in limine*, Intellectual Ventures' oppositions, and
Symantec's replies are attached as **Exhibit 12**.

X.
Discovery

Each party has completed discovery.

XI.
Number of Jurors

There will be eight jurors.  The Court will conduct jury selection through the "struck
juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom,
continuing by meeting with jurors individually in chambers and there addressing any challenges
for cause, and concluding back in the courtroom with peremptory strikes.

XII.
Length of Trial

The parties request 60 hours divided equally between the parties for their trial
presentation.  Time will be charged to a party for its opening statement, direct and redirect
examinations of witnesses it calls, cross-examination of witnesses called by the other party,
closing and rebuttal arguments, and its argument on any motions for judgment as a matter of law.

**[Symantec's additional statement:** For any objections made in the presence of the jury, the

16

time taken to argue an objection (including the time for both sides' arguments on the objection) will be charged to the party that does not prevail on the objection.**]**

The Courtroom Deputy will keep a running total of trial time used by counsel.

## XIII.
## Motions for Judgment as a Matter of Law

The parties agree that for motions for judgment as a matter of law (JMOL) generally, the party moving for JMOL will so move orally at the end of the other party's case-in-chief or at the close of evidence, with a written motion within 48 hours. The parties also agree that any such issues will be addressed in connection with the schedule for post-trial briefing to be set by the Court.

## XIV.
## Issues to be Tried to the Court

[**Symantec's Position**: With respect to its section 101 defense and in compliance with the Court's Order at D.I. 602, Symantec proposes to present any testimony relevant to both section 101 and jury issues during the ordinary course of the trial. To the extent there is any testimony to be presented from a witness *solely* to support its section 101 defense, Symantec proposes that such testimony be solicited, outside of the presence of the jury, at the Court's convenience during the trial. Moreover, because whether a patent claims patentable subject matter under section 101 is a legal question, Symantec proposes to file an appropriate motion, at the close of evidence and to provide post-trial briefing under a schedule to be set by the Court.]  [**Intellectual Ventures' Position**: Intellectual Ventures disagrees that any fact or expert testimony needs to be elicited during the jury trial regarding whether the Asserted Claims are patent eligible under § 101. This issue can and should be resolved in conjunction with the rest of the post-trial briefing in this case rather than confusing the jury and wasting the clock during a timed trial where the Court will be rendering a decision.]

17

XV.
Amendments of the Pleadings

The parties are not seeking any amendments to the pleadings.

XVI.
Additional Matters

1.      Intellectual Ventures' list of miscellaneous issues is attached as Exhibit 13.

2.      Symantec's list of miscellaneous issues is attached as Exhibit 14.

3.      The parties agree that they will not remove any confidentiality markings from any documents, and the parties jointly request the Court to instruct the jury, the first time a confidential document is shown, that certain documents were marked as such before trial for purposes unrelated to trial and that the jury should give no consideration to such markings; and the parties agree that they should be precluded from any intimation that the marking of materials produced in discovery as "confidential" or "highly confidential" had any improper purpose or otherwise affected the actual public accessibility of any document so marked.

4.      The parties agree, and are hereby so ordered that they may not:

    a.   make any reference to either party's technology tutorial;

    b.   present any evidence or testimony concerning, or argue that Symantec indirectly infringes any of the patents-in-suit, subject to the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties;

    c.   present any evidence or testimony concerning or argue that the patents-in-suit are infringed under the Doctrine of Equivalents subject to the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties;

    d.   make any reference to the fact that either party filed a motion for summary judgment, a *Daubert* motion, a motion *in limine*, a claim construction brief, or other request for relief from this Court or that this Court has granted or denied such relief;

    e.   have experts or other witnesses offer evidence, testimony, or argument inconsistent with the Court's December 12, 2012 Markman Order;

18

     f.   present or rely on any evidence of the parties' positions during the claim construction process, any portions of the December 12, 2012 Memorandum Opinion on Claim Construction (other than the actual claim constructions adopted by the Court or agreed to by the parties), and any portions of the March 31, 2014 Memorandum Opinion and Order concerning various motions;

     g.   present or rely on any evidence of Symantec's market capitalization; and

     h.   present or rely on any evidence of Symantec's overall company revenues.

3.     The parties have met and conferred and agreed that, to the extent the Court provides Juror Notebooks, the Notebooks should include the following:

     a.   copies of the patents-in-suit; and

     b.   the Court's and the parties' agreed-upon claim constructions.

4.     The parties agree that all rights to appeal the Court's claim constructions and the Court's dispositions of pretrial motions for summary judgment, *Daubert* motions, and motions *in limine* are preserved and do not need to be reasserted at trial to avoid waiver.

XVII.

<u>Settlement</u>

The parties have explored the resolution of this controversy by settlement, including several conferences with Magistrate Judge Thynge, but no agreement has been reached.

**IT IS HEREBY ORDERED** that this Final Pretrial Order will control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

**DATED:** _____

_____ ___

**UNITED STATES DISTRICT JUDGE**

**APPROVED AS TO FORM AND SUBSTANCE:**

**/s/ Brian E. Farnan**
**ATTORNEY FOR PLAINTIFF**

**/s/ Karen Jacobs**
**ATTORNEY FOR DEFENDANT**