IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | : | |
| Plaintiff, | : : : | |
| v. | : : | C.A. No. 10-1067-LPS |
| SYMANTEC CORPORATION, | : : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 6th day of January, 2015, having reviewed the parties' proposed pretrial order including briefing on various motions *in limine* ("MIL") (D.I. 608 Exs. 11, 12),

**IT IS HEREBY ORDERED** that:

1. Plaintiff Intellectual Ventures I LLC's ("IV") MIL 1, to preclude argument and evidence disparaging IV's business model and practices, is **GRANTED** to the extent that Defendant Symantec Corporation ("Symantec") may not disparage (e.g., refer to IV as a "patent troll" or reference purported "woodshedding"), as such disparagement is irrelevant, but the motion is **DENIED** to the extent that Symantec is permitted to present argument and evidence that IV does not practice the patents-in-suit, which is relevant to damages – and with respect to damages, the concerns of Federal Rule of Evidence 403 ("Rule 403") do not substantially outweigh the probative value of this evidence. Additionally, Symantec may seek leave to modify this Order depending on what argument and evidence IV makes regarding itself at trial.

2. IV's MIL 2, to preclude references to reexamination proceedings of the '050 patent-in-suit, is **GRANTED**. The '050 patent is presumed valid as a matter of law. Any probative value of the reexamination is substantially outweighed by the risks of unfair prejudice

to IV, confusing the jury, and wasting time, and therefore such evidence is excluded under Rule 403. Symantec is not precluded, solely by virtue of this Order, from seeking to introduce portions of the reexamination history or using same for impeachment, provided, however, that such evidence or use must be done in such a way as not to reference any reexamination.

3. IV's MIL 3, to preclude argument and evidence regarding Symantec's patents and patent applications (other than the benchmark patents), is **GRANTED**. Symantec may introduce evidence and make argument as to the value added to its products that is not in any way attributable to IV's patents, but the incremental probative value of the fact that some of the value added by Symantec relates to components that Symantec has patented (or is attempting to patent) is substantially outweighed by the risks of unfair prejudice, confusion, and waste of time under Rule 403.

4. IV's MIL 4, to preclude argument and evidence disparaging or criticizing the PTO, is **GRANTED** to the extent that Symantec may not do any of the 8 things identified in IV's reply (including making generalized indictments of the PTO), and **DENIED** to the extent that Symantec may (as it requests) argue and attempt to prove that the PTO is not perfect, sometimes makes mistakes, did not review certain prior art, did not consider certain invalidity arguments, and should not have issued some or all of the patents-in-suit.

5. Symantec's MIL 2, to preclude reliance on evidence of Symantec's alleged pre-suit knowledge of the patents-in-suit, is **GRANTED**. No claims of willful infringement, indirect infringement, or copying will be the subject of the forthcoming trial. Evidence of whether Symantec had actual knowledge of the patents-in-suit is at most minimally probative of damages, as the pertinent analysis is a hypothetical negotiation in which the existence, validity, and infringement of the patents-in-suit is assumed to be known to both parties, and any probative

value is substantially outweighed by the risks of unfair prejudice, confusion, and waste of time. The Court's conclusions are bolstered by the facts that: the evidence to which IV points shows Symantec did not meaningfully respond to the pre-suit e-mail suggesting Symantec license one or more of the patents-in-suit; and allowing this evidence nonetheless would, in fairness, require allowing evidence of the reexamination, so as to permit Symantec to put in full context for the jury the reasons it did not respond differently to the pre-suit e-mail.

The parties shall be prepared to argue the remaining MILs at the pretrial conference on Friday, January 9.

**IT IS FURTHER ORDERED**, with respect to additional matters raised in the proposed pretrial order (*see* D.I. 608 at 17-19 & Exs. 13, 14):

1. IV's position with respect to how the Court will proceed to resolve whether the asserted claims are patent eligible under § 101 is **ADOPTED**. That is, the Court will resolve any § 101 issues in connection with post-trial motions and briefing, including hearing any testimony that must be presented only *after* the conclusion of the forthcoming trial. For avoidance of any doubt, this means that testimony or evidence that relates *solely* to § 101 *will not* be presented during the forthcoming trial (either in the presence of the jury or outside of the jury's presence) but will be presented, if at all, in connection with post-trial motions.

2. The Trend Micro Defendants, who are defendants in a related case, have requested permission to attend the pretrial conference in this matter on January 9, and they are welcome to attend. (*See* C.A. No. 12-1581-LPS D.I. 164) However, given the Court's decision above, it is not anticipated that any significant portion of the pretrial conference will be devoted to addressing how the Court will proceed to handle § 101 issues.

3. IV's request that the Court further order Symantec to limit the number of prior art

references and obviousness combinations it will use at trial, and to limit the number of witnesses Symantec may call to testify at trial, and Symantec's request that the Court order IV to limit the number of accused products, are **DENIED**. The parties will be permitted to make their own decisions as to how to make the best and most effective use of the limited, albeit sufficient, amount of time they will be given for their presentations at trial, which they are reminded will be no more than 20-24 hours per side.

The parties shall be prepared to discuss any other matters presented in the pretrial order at the forthcoming pretrial conference.

_____
UNITED STATES DISTRICT COURT