# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 10-1067-LPS |
| SYMANTEC CORPORATION, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 21st day of January, 2015, having reviewed the parties' letters relating to two issues that arose at the pretrial conference (D.I. 621; D.I. 622; D.I. 624; D.I. 625),

**IT IS HEREBY ORDERED** that:

1. The two newly-accused products will not be the subject of the trial beginning next week. However, the Court's decision to exclude these products from the forthcoming trial is without prejudice to IV's ability to seek relief related to them through an appropriate post-trial proceeding in this case or by filing a new suit. It is also without prejudice to any rights Symantec has to defend against liability or damages with respect to these two products.

2. Symantec will not be permitted to present its false marking "defense" at the forthcoming trial. *See* 35 U.S.C. § 287. With respect to the '050 and '610 patents, IV has, at all pertinent times, asserted only method claims, and the marking requirement does not apply to method claims. *See Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009) ("35 U.S.C. § 287(a) d[oes] not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims.") (citing *Hanson v.*

1

*Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1082-83 (Fed. Cir. 1983)). At Symantec's (and its then co-defendants') request, the Court ordered IV to elect no more than twenty asserted claims, which IV complied with on April 6, 2012. (D.I. 162 at 20-26, 31-32; D.I. 197) From that day forward (including throughout the claim construction and summary judgment proceedings), IV has not asserted any apparatus claims of either the '050 or '610 patents against Symantec, and in particular IV never pressed for a judgment of liability against Symantec on any such claim.

With respect to the remaining patent-in-suit, the '142 patent, the Court finds, as an exercise of its discretion and as proper case management, that it would be unfairly prejudicial to IV to allow Symantec, at nearly the final moment before trial (i.e., listing it as a contested issue in the proposed pretrial order), to put IV in a position in which it must prove that it (or its predecessors and/or licensees) marked embodiments of the '142 patent. Symantec mistakenly or misleadingly identified failure to mark as its "Fifth *Affirmative Defense*" in its Answer. (D.I. 23 at 10) (emphasis added).[1] When IV thereafter served an interrogatory seeking "all factual and legal bases for each affirmative defense asserted in Your Answer" (D.I. 622 Ex. A at 9), Symantec said nothing about § 287, and continued to remain silent about § 287 in its supplemental responses to interrogatories on the last day of discovery (D.I. 622 Ex. C). Symantec did not provide expert discovery on failure to mark and did not propose a jury instruction on false marking at the time the parties exchanged jury instruction proposals. All of this suggests to the Court that Symantec failed to give IV adequate, meaningful notice that it contested marking. Under the totality of circumstances (which, the Court recognizes, includes

---

[1] Marking is a limitation on damages, not an affirmative defense. *See Motorola, Inc. v. United States*, 729 F.2d 765, 770 (Fed. Cir. 1984) ("[T]he marking and notice statute cannot be interpreted as a patent defense.").

2

amongst the mass of discovery that Symantec did seek deposition testimony and third-party discovery relating to marking), the Court finds that Symantec waived and/or abandoned its right to contest marking at the forthcoming trial.

_____
UNITED STATES DISTRICT COURT