# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**KAREN JACOBS**
(302) 351-9227
(302) 425-4681 FAX
kjacobs@mnat.com

February 3, 2015

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 King Street, Unit 26, Room 6124
Wilmington, DE 19801-3556

      Re: *Intellectual Ventures I, LLC v. Symantec Corp.*, C.A. No. 10-1067 (LPS)

Dear Chief Judge Stark:

      We write on behalf of Defendant Symantec Corporation ("Symantec") to provide the positons that Your Honor requested at the jury instruction conference this afternoon.

      First, the Court requested a list of the products accused of infringing the '142 Patent. In its verdict form (attached hereto), Symantec breaks down the accused products into three groups based on the different infringement/non-infringement theories advanced by the parties.

      Second, the Court asked the parties to revisit the verdict form with respect to groupings of products assuming that a breakdown is provided only for the '142 patent. Symantec has revised its Verdict Form accordingly and attaches it herewith.

      Third, the Court asked the parties to provide proposals for the jury instructions to address non-infringing alternatives. Symantec requests that the Court give the instruction as proposed in Symantec Instruction 4.3. If the Court is unwilling to do so, Symantec alternatively proposes that the following bolded language be added to paragraph 16 on Instruction 6.3 on *Georgia Pacific* factors, at page 58 of D.I. 655:

> 16. Any other economic factor that a normally prudent businessperson would, under similar circumstances, take into consideration in negotiating the hypothetical license. This may include the availability of commercially acceptable, noninfringing alternatives at the time of the hypothetical negotiation. **In considering whether a proposed alternative is non-infringing, you are instructed that a method claim in a United States patent is not infringed if any claimed step is performed outside the United States.**

The Honorable Leonard P. Stark
February 3, 2015
Page 2

Fourth, the Court asked the parties to propose language for the verdict form concerning the date of damages. Symantec maintains that no date should be given on the verdict form because and such a statement unfairly assumes a running royalty rather than a lump sum payment. *See Fleming v. Escort, Inc.*, No. 21:12-CV-066-BLW, 2013 WL 3995259, at *2-4 (D. Idaho Aug. 5, 2013) (finding a jury's award of a "lump sum" license agreement "covering all past and future uses of the [patented] technology" barred subsequent infringement actions related to the patented technology). If the Court were to include the September 30, 2014 date, IV may argue that the award is ambiguous on that issue. *Telcordia Techs., Inc. v. Cisco Sys.*, 612 F.3d 1365, 1378 (Fed. Cir. 2010) (affirming district court's interpretation of an ambiguous verdict form as encompassing only past damages, instead of representing a paid-up, lump-sum licensing fee that barred additional relief). This ambiguity can be avoided without including the September 30, 2014 date by including a box after each patent for the jury to indicate whether any damages award is based on a running royalty or a lump sum.

The Court has indicated that it will instruct the jury that the form of verdict is not meant to suggest that the Court believes that damages should be awarded or, if awarded, whether the appropriate form of damages is a running royalty or a lump sum, fully paid up royalty.

Fifth, Symantec requests that the Court give the instructions that Symantec requested as to the use of settlement agreements and the comparability of license agreements.

Finally, on the issue of the need for corroboration in addition to an inventor's own statements and documents, Symantec cites *Hahn v. Wong*, 892 F.2d 1028, 1032 (Fed. Cir. 1989) ("the inventor … must provide independent corroborating evidence in addition to his own statements and documents") (finding existence of laboratory notebooks not enough to corroborate claimed conception date).

Respectfully,

*/s/ Karen Jacobs*

Karen Jacobs (#2881)

cc: Clerk of Court (By Hand Delivery)
All Counsel of Record (By E-mail)

8857556