IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SYMANTEC CORP.,<br><br>    Defendant. | C.A. No. 10-cv-1067-LPS<br><br>JURY TRIAL DEMANDED |

## JOINT STATUS REPORT

Pursuant to the Court's direction in open Court on February 6, 2015, the parties hereby address whether the Court should enter judgment on the jury's verdict as well as a schedule for post-trial motions. The parties are in agreement on some issues and disagree over others. Where disagreements exist, each party's position is separately stated.

### ENTRY OF JUDGMENT

The Court ordered that Symantec's claims of invalidity based on non-eligible subject matter under 35 U.S.C. § 101 were to be briefed and decided after the trial in this matter. (*See, e.g.,* D.I. 615, at 4.) Accordingly, the parties agree that the Court may enter a non-final interim judgment on those issues decided by the jury. The parties agree that the interim judgment will be sufficient to trigger deadlines for post-trial motions pursuant to Federal Rules of Civil Procedure 50(b) and (d) and 59, but that any execution on the interim judgment—if it could be had—will be stayed under Rule 62(b) without further security until the resolution of the § 101 and Rule 50(b) motions.

If the parties are able to agree on the form of an interim judgment, then they propose to file it on February 20, 2015. If they are unable to agree, then IV will file a

motion for entry of judgment by the same date, to which Symantec will respond as provided in the Local Rules.

## PREJUDGMENT INTEREST

The parties have discussed IV's proposal on pre-judgment interest and seek the Court's guidance whether this issue should be briefed now.

[**IV's Proposal**] IV plans to file a motion for entry of judgment, including pre-judgment interest, no later than February 20, 2015.

[**Symantec's Proposal**] Symantec believes that it is premature for the Court to address prejudgment interest while there are substantial unadjudicated invalidity defenses under § 101. The issue of prejudgment interest should be addressed by motion by IV (and a separate briefing schedule) only after all invalidity issues and post-trial motions are decided.

## POST-TRIAL MOTIONS

Because the Court has not granted either party's motions for judgment as a matter of law made under Federal Rule of Civil Procedure Rule 50(a), the parties agree that no separate responses to the pending Rule 50(a) motions need be filed and that the parties may file renewed motions under Rule 50(b) along with alternative or combined requests for a new trial under Rule 59 or other post-trial relief. Upon the Court's disposition of Rule 50(b) motions, the parties agree that the Rule 50(a) motions may then be denied as moot according to the Court's rulings.

The parties agree that they will file any motions pursuant to Rule 50(b) within 28 days following entry of the interim judgment; that responses will be filed within 28 days

following the filing of the motions; and that reply briefs will be filed within 14 days thereafter (with all deadlines subject to Rule 6).

The parties have not agreed on the length of briefs directed to Rule 50(b) motions.

[**IV's Proposal**] IV proposes that the opening brief for a Rule 50(b) motion be limited to no more than 30 pages; that the response brief be limited to 30 pages; and that the reply brief be limited to 15 pages. For the sake of clarity, under this proposal, all grounds pursuant to Rule 50(b) would be submitted in a single brief including § 101 issues. IV submits that given the length of time this case has been pending and the Court's familiarity with the trial and the issues, these page limits are adequate and fair.

[**Symantec's Proposal**] Symantec's JMOL motion will address the jury's findings on validity, non-infringement, and damages with respect to the '610 and '142 Patents, as well as the validity of the '050 Patent. Given the number and complexity of these issues, Symantec respectfully requests that the Court provide the parties with a full opportunity to brief them. Symantec proposes that Rule 50(b) briefing on issues decided by the jury be limited to 30 pages for opening; 30 pages for response; and 15 pages for reply. In addition, because the Court ordered that Symantec's claims of invalidity based on non-eligible subject matter under § 101 were to be briefed and decided after the trial, Symantec proposes that the latter issues be briefed separately under Rule 52(c).

SECTION 101 BRIEFING

[**Symantec's Proposal on § 101 Issues**] While reserving its right to raise § 101 issues under Rule 50(b), Symantec proposes to raise its § 101 arguments under Rule 52(c) in accordance with the Court's guidance. Courts often use Rule 52 to address unresolved legal or equitable questions in cases that are otherwise submitted to a jury for

decision.[1] Rule 52(c) is also appropriate because Symantec intends to rely upon evidence to support its motion that it was not allowed to introduce at trial. (*See* D.I. 615, at 4.)[2] This evidence includes, without limitation, admissions made by Brooks Talley, one of the named inventors of the '050 Patent, at his deposition. *See Accenture Global Servs. v. Guidewire Software*, 728 F.3d 1336, 1341 (Fed. Cir. 2013) (a § 101 defense "may contain underlying factual issues").

Symantec intends to address § 101 with respect to all three asserted patents and will need sufficient briefing to cogently present its argument to the Court, separate from the invalidity, infringement, and damages issues that Symantec must address in its renewed Rule 50(b) motion. Accordingly, Symantec proposes that the briefing schedule on § 101 should mirror the Rule 50(b) schedule, with the following page limits: 30 pages for opening; 30 pages for response; and 15 pages for reply. Should the Court choose to proceed under Rule 50(b), Symantec would request a separate Rule 50(b) brief directed to § 101 issues with the same page limits.

---

[1] *See, e.g.*, *Carnegie Mellon Univ. v. Marvell Tech. Grp. Ltd.*, CA No. 09-290, 2014 WL 183212, at *1 (W.D. Pa. Jan. 14, 2014) (laches); *Stryker Corp. v. Zimmer Inc.*, No. 1:10-cv-1223, 2013 WL 6231533, at *20 (W.D. Mich. Aug. 7, 2013), *rev'd in part on other grounds*, --- F.3d ----, 2014 WL 7210311 (Fed. Cir. Dec. 19, 2014) (laches); *I/P Engine Inc. v. AOL Inc.*, 915 F. Supp. 2d 736, 740-41 (E.D. Va. 2012) (construing Rule 50(a) motion on laches as a Rule 52(c) motion for partial findings); *Z4 Techs., Inc. v. Microsoft Corp.*, No. 6:06-CV-142, 2006 WL 2401099, at *19 (E.D. Tex. Aug. 18, 2006) (double patenting); *Applera Corp. v. MJ Research Inc.*, 363 F. Supp. 2d 261, 262 (D. Conn. 2005) (double patenting).

[2] "[T]he Court will resolve any § 101 issues in connection with post-trial motions and briefing, including hearing any testimony that must be presented only after the conclusion of the forthcoming trial. For avoidance of any doubt, this means that testimony or evidence that relates solely to § 101 will not be presented during the forthcoming trial (either in the presence of the jury or outside of the jury's presence) but will be presented, if at all, in connection with post-trial motions."

**[IV's Proposal on § 101 Issues]**  Symantec seeks to raise its § 101 arguments as a motion under Rule 52(c), but cites no case law where a § 101 defense has been submitted using Rule 52(c). In *DDR Holdings, LLC v. Hotels.com*, 2014 WL 6845152 (Fed. Cir. Dec. 5, 2014), the Federal Circuit reviewed the district court's ruling on the accused infringer's Rule 50(b) motion. Accordingly, Rule 50(b) is the most prudent procedural vehicle for raising this defense post-trial. Symantec appears to concede that its § 101 issues are appropriate for Rule 50(b), but asks the Court to double the briefing for 50(b) motions to allow for this arguably untimely defense. Symantec suggests that it will rely on factual evidence that it was not permitted to introduce at trial; however, whether claims are invalid under § 101 is a question of law, and Symantec has not identified which, if any, facts must be resolved in order to determine patent eligibility.[3]  Regardless of the procedural vehicle, Symantec does not need an additional 45 pages of briefing to argue its § 101 defense. Symantec should be heard on this issue, but nothing mandates the excessive briefing it advocates.

---

[3] *In re Comiskey*, 554 F.3d 967, 975 (Fed. Cir. 2009) ("While there may be cases in which the legal question as to patentable subject matter may turn on subsidiary factual issues, Comiskey has not identified any relevant fact issues that must be resolved in order to address the patentability of the subject matter of Comiskey's application.").

| | |
|---|---|
| Dated: February 13, 2015 | Respectfully submitted, |
| FARNAN LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Michael J. Farnan* <br> Brian E. Farnan (Bar No. 4089) <br> Michael J. Farnan (Bar No. 5165) <br> 919 N. Market Street, 12th Floor <br> Wilmington, DE 19801 <br> (302) 777-0300 <br> bfarnan@farnanlaw.com <br> *Attorneys for Plaintiff* | */s/ Michael J. Flynn* <br> Jack B. Blumenfeld (Bar No. 1014) <br> Thomas C. Grimm (Bar No. 1098) <br> Karen Jacobs (Bar No. 2881) <br> Michael J. Flynn (Bar No. 5333) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899 <br> (302) 658-9200 <br> jblumenfeld@mnat.com <br> tgrimm@mnat.com <br> kjacobs@mnat.com <br> mflynn@mnat.com <br> *Attorneys for Defendant* |