# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**LEONARD P. STARK**
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
844 KING STREET
UNIT 26
WILMINGTON, DE 19801-3556

March 4, 2015

Karen Jacobs
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899

Brian E. Farnan
Farnan LLP
919 North Market Street
Wilmington, DE 19801

Re: *Intellectual Ventures I, LLC v. Symantec Corp.*,
C.A. No. 10-1067 (LPS)

Dear Counsel:

I have reviewed the joint status report you filed on February 13. (D.I. 685) I have also reviewed the briefing submitted in connection with the Rule 50(a) motions for judgment as a matter of law ("JMOL") that were filed during trial. (D.I. 657, 658, 669, 670, 675) Having done so, and having of course presided over the two-week trial that concluded on February 6, I wanted to share with you my present inclinations with respect to the JMOL motions. While I have not completed my review of the motions and the record -- and since judgment has not been entered, your Rule 50(b) motions have not yet been filed[1] -- I set forth below how I see the issues as of today. What I say in this letter is not an order.

---

[1] I am aware that the parties are currently briefing Intellectual Ventures' Motion for Entry of Judgment and for Prejudgment and Post-Judgment Interest. (D.I. 688)

From what I have seen to this point, I am not inclined to grant JMOL to Intellectual Ventures on any issue. My present impression is that there was a substantial evidentiary basis for each issue on which Symantec prevailed, i.e., non-infringement of the '050 patent.

From what I have seen to this point, I am not inclined to grant JMOL to Symantec -- with one exception. My present impression is that there was a substantial evidentiary basis for each issue on which Intellectual Ventures prevailed, i.e., infringement and damages on the '142 patent and infringement on the '610 patent, as well as no invalidity of the '050, '142, or '610 patents. The one exception is that I am not sure at this point whether there is sufficient evidence in the record to support the jury's finding that the features of the accused products covered by the '610 patent "drove demand" for those products. If I ultimately conclude that the record lacks sufficient evidence to support the jury's verdict on this point, my inclination is that the damages amount awarded to Intellectual Ventures on the '610 patent will have to be substantially reduced, given Mr. Wagner's admission that he offered the jury no opinion on damages that was not based on the entire market value rule. In that instance, damages would likely be reduced to an amount supported by the opinion of Symantec's expert.

As for Symantec's contention that the patents-in-suit are invalid due to lack of patentable subject matter under Section 101, I want to have that issue briefed over the coming weeks, so that I may hear oral argument on Symantec's motion at the same time I hear argument on Trend Micro's similar motion in the related case. (*See Intellectual Ventures I, LLC v. Trend Micro Inc.*, C.A. No. 12-1581.)[2] Because the related case is scheduled for trial beginning on May 11, and because the Section 101 issues could narrow or eliminate the Trend Micro trial, I am scheduling the joint oral argument for April 10, which will provide me at least some opportunity to consider

---

[2] I will docket a copy of this letter in the Trend Micro case.

the motions before the forthcoming Trend Micro trial. Of course, I have formed no view as of yet as to whether one or more of the patents-in-suit should be invalidated for lack of patentable subject matter.

I will set out the following schedule in an oral order to be entered today: Symantec shall file its motion and opening brief, not to exceed thirty (30) pages, no later than March 13, 2015; Intellectual Ventures shall file its response, not to exceed thirty (30) pages, no later than March 30; and Symantec shall file its reply brief, not to exceed fifteen (15) pages, no later than April 2. Oral argument will be held on April 10 beginning at 10:00 a.m.

The views I am expressing in this letter are merely inclinations and are subject to change, after I review the full briefing on the renewed motions. Nevertheless, I thought it would be useful for you to know my present impressions.

Sincerely,

*[signature]*

Honorable Leonard P. Stark
United States District Judge
District of Delaware