## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>             Plaintiff,<br><br>    v.<br><br>SYMANTEC CORP.,<br><br>             Defendant. | C.A. No. 10-cv-1067-LPS |

### JOINT STATUS REPORT

Pursuant to the Court's April 22, 2015 Order (D.I. 727), the parties hereby submit this joint status report to propose how the case should proceed to final judgment.

**I.      INTELLECTUAL VENTURES' PROPOSAL**

Intellectual Ventures proposes the following:

**A.      IV's Motion for Entry of Judgment and for Pre- and Post-Judgment Interest (D.I. 688)**

The Court should rule on IV's motion for entry of judgment and enter an interim non-final judgment, thus triggering the parties' deadlines for post-trial motions on the '610 patent. IV disagrees that the motion is either moot or superseded. The only apparent remaining disputes are two: whether the Court should award pre- and postjudgment interest on '610 patent damages; and whether the Court should award costs at this time.

**B.      Pre- and Postjudgment Interest**

Symantec provides extensive argument below urging the Court to deny IV's Motion for Entry of Judgment. But Symantec still has no answer for any of the points raised in IV's reply (D.I. 701 at 2–9). The Court can and should decide now whether IV is entitled to pre- and

postjudgment interest on the jury's verdict awarding damages for Symantec's '610 patent infringement. Even if the Court reduces the amount of damages on the '610 patent, the Court must still decide whether to award prejudgment interest, the interest rate, and the compounding period. There is no judicial efficiency in having the parties brief this dispute again following the Court's resolution of post-judgment motions.

The Court's decision invaliding the '142 patent does not moot IV's Motion, given the jury's verdict on the '610 patent. IV's Motion and its expert report in support separated allowable interest on the patents, permitting the Court to decide the interest question on the remaining patent now.

### C. Costs

As in its Motion for Judgment Opposition, Symantec repeats below that it is entitled to prevailing party status. But again Symantec has no answer for the arguments in IV's Reply (D.I. 701 at 9–10). Under Local Rule 54.1(c), which looks at "the party recovering the larger sum," IV is the prevailing party. This is true even after the Court's decision on the § 101 motions because the jury awarded money damages on the '610 patent. Even if the Court reduces IV's damages for Symantec's '610 patent infringement, IV will still be the prevailing party.

For the first time on the day this report must be submitted, Symantec argues that Federal Circuit law applies on this issue. The *Manildra* case cited by Symantec specifically notes that "the decision of whether to award costs to a prevailing party implicates considerations not unique to the patent law, such as the litigants' behavior at trial. . . . Therefore, we review this aspect of the district court's decision in the same manner as we believe the Tenth Circuit would." *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). Further, the *Shum* case cited by Symantec makes clear, "To be a 'prevailing party,' our precedent requires that the party have received at least some relief on the merits . . . .A party is not required,

however, to prevail on all claims in order to qualify as a prevailing party under Rule 54." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).  Symantec has no claim for money damages at all.

### D. Entry of Judgment

IV agrees that for the jury's verdict with respect to the asserted claim of the '610 patent, the Court should enter an interim non-final judgment to trigger the parties' deadlines for post-trial motions. The Court should also decide whether to award IV interest, and if so, determine the rate and compounding period. The Court should also rule that IV is the prevailing party and entitled to taxable costs, subject to any final decision following the resolution of post-trial motions.

IV agrees that any post-trial motions should be limited to 20 pages and should be submitted 28 days following entry of a non-final judgment, with any responses filed 28 days later, followed by any 10-page replies 14 days after that.

No judgment should be entered on the issues decided by the jury with respect to the asserted claims of the '050 and '142 patents.

## II. SYMANTEC CORPORATION'S PROPOSAL

Symantec proposes the following:

### A. IV's Motion for Entry of Judgment and for Pre- and Post-Judgment Interest (D.I. 688)

The Court can and should deny IV's Motion for Entry of Judgment and for Prejudgment and Post-Judgment Interest (D.I. 688) without further consideration, as that motion had no merit in the first instance[1] and in any event has been superseded and rendered moot by the Court's

---

[1] IV's motion and proposed judgment both misstated the jury's verdict and incorrectly sought an award of costs and interest.  *See* Symantec Opposition (D.I. 693).

April 22, 2015 Memorandum Opinion (D.I. 726) and Order (D.I. 727), which held invalid under 35 U.S.C. § 101 all asserted claims of U.S. Patent Nos. 6,460,050 (the "'050 patent") and 6,073,142 (the "'142 patent"). Furthermore, on March 4, 2015, the Court issued a letter to the parties that questioned the viability of the damages award for the only patent claim asserted by IV that has not yet been invalidated—claim 7 of U.S. Patent No. 5,987,610 (the "'610 patent").[2]

IV's assertion that Symantec "has no answer for any of the points raised in IV's reply" concerning the issue of pre- and post-judgment interest has no merit. In its reply, IV asserted that interest could be awarded now and adjusted after the Court determines post-trial motions, apparently avoiding a purported attempt by Symantec to force additional briefing and delay appeal. (D.I. 701 at 2-3.) As Symantec has maintained all along, an award of interest at this point would be premature. If the Court were to award interest now, but then amend the judgment in light of its rulings on post-trial motions, there would almost certainly be additional briefing required as to how to properly adjust the prior award of interest. At the very least, it would require the Court to do the same work twice. IV's proposal, not Symantec's, wastes judicial resources and delays appeal.

Indeed, the impact of the Court's April 22 decision and order demonstrate that IV's position is misguided and would lead to unnecessary inefficiencies. For example, IV spent a considerable portion of its reply brief addressing the interest supposedly owed on the damages for the '142 patent. (D.I. 701 at 3-7.) Now that the Court has found that patent invalid, IV's

---

[2] IV originally asserted four patents against Symantec. (D.I. 1.) IV dismissed its infringement claims as to U.S. Patent No. 7,506,155 (the '155 patent) with prejudice (D.I. 616, 617), but only after Symantec had instituted an *inter partes* reexamination and been forced to conduct full fact and expert discovery in this case. Symantec prevailed in the reexamination proceeding—the Patent and Trademark Office cancelled every asserted claim of the '155 patent. IV had until March 30, 2015 to file an appeal brief if it were to challenge that determination. IV has not done so, thereby abandoning its appeal and conceding the invalidity of the asserted claims. Thus, three of the four patents originally asserted by IV have now been invalidated.

arguments about awarding interest for that patent are moot. If the Court had followed IV's previous proposal of determining interest on the '142 patent, that work would have been for naught.

The same is likely true for determining interest on the damages for the '610 patent: the Court has already indicated that it is uncertain as to whether IV presented sufficient evidence to support its damages claim. (*See* D.I. 691.) Symantec believes that IV's failure to support Mr. Wagner's entire market value rule (EMVR) theory of damages as part of its case-in-chief should result in the denial of any damages award. At most, it might be entitled to seek a recovery of $500,000. Adjudicating IV's motion for interest at this point—prior to entry of a final judgment—would be premature and inefficient.

For all these reasons, IV's Motion for Entry of Judgment and for Prejudgment and Post-Judgment Interest should be denied.

**B.     Entry of Judgment**

The jury returned a verdict that Symantec did not infringe the asserted claims of the '050 patent, infringed the asserted claims of the '142 and '610 patents, and that none of the patents were invalid under 35 U.S.C. § 102 or § 103. (D.I. 676.) The Court has not ruled on the parties' Rule 50(a) motions; no judgment has been entered on the jury's verdict; and no motions for judgment as a matter of law have yet been renewed under Rule 50(b). By Opinion and Order dated April 22, 2015, the Court granted Symantec's motion under Rule 52(c) (D.I. 698) in part, holding invalid under 35 U.S.C. § 101 all the asserted claims of the '050 and '142 patents.

Accordingly, Symantec proposes the following:

(1) For the jury's verdict with respect to the asserted claim of the '610 patent, the Court should enter an interim non-final judgment to trigger the parties' deadlines for post-trial motions under Federal Rules of Civil Procedure 50(b), 50(d), and 59. Any execution on that interim

judgment—if it could be had—should be stayed under Rule 62(b) without further security until the resolution of any timely-filed Rule 50 or 59 motion. The parties had previously agreed to this procedure. (D.I. 685 (February 13, 2015 Joint Status Report) at 1.)

(2) No judgment should be entered on the issues decided by the jury with respect to the asserted claims of the '050 and '142 patents. For the '050 and '142 patents, those issues have been rendered moot in light of the fact that the Court has invalidated all the asserted claims of those patents as a matter of law. The Court should therefore enter judgment in Symantec's favor, and against IV, on: Count II and Count III of the Complaint (D.I. 1), as Symantec has prevailed on its Third Affirmative Defense (invalidity) to those claims (D.I. 23 at 10); and Symantec's Counterclaim and Count Two (demand for Declaratory Judgment of Invalidity) with respect to the asserted claims of the '050 and '142 patents.

(3) The Court should dismiss all other claims as moot and instruct that if the Court's invalidity judgment for the '050 or '142 patent is disturbed on appeal, the parties may renew or file any relevant post-trial motions pursuant to Federal Rules of Civil Procedure 50(b), 50(d), or 59 on any issue of invalidity, infringement or damages determined for the '050 or '142 patent in a new judgment entered after remand.

Symantec has previously submitted a proposed judgment. (Ex. A to D.I. 693.) In light of the Court's April 22, 2015 decision, Symantec requests that the Court modify that earlier proposal and enter the judgment attached to this filing as Exhibit A.

### C. Post-Trial Motions

**Rule 50(b) motions:** Symantec proposes that post-trial motions under Rules 50(b) and 59 on any issue decided by the jury with respect to the '050 and '142 patents be reserved for timely filing and consideration only if necessary following remand after appeal and entry of a new judgment that includes a final determination of those issues. As for the issues decided by the

jury with respect to the '610 patent, Symantec proposes to file a renewed motion for judgment as a matter of law under Rule 50(b) (along with an alternative or combined request for a new trial under Rule 59 or other post-trial relief) within 28 days following entry of Symantec's proposed interim judgment, with IV's response to be filed 28 days thereafter, and Symantec's reply to be filed within 14 days of IV's response. Limited to the '610 patent issues decided by the jury, Symantec proposes that its opening brief be limited to 20 pages, IV's response to 20 pages, and Symantec's reply to 10 pages.

If the Court is inclined to enter judgment on the issues decided by the jury with respect to the '050 and '142 patents (even though they have now been rendered moot by the Court's broader § 101 invalidity decision), Symantec will need to preserve its rights to appeal on those issues.[3] To do so, Symantec would need to file a renewed motion for judgment as a matter of law on each of those issues under Rule 50(b), along with an alternative or combined request for a new trial under Rule 59 or other post-trial relief. If the Court is to proceed in this fashion, Symantec requests that the page limits for the opening and response post-trial briefs be set at 30 pages and that for the replies be set at 15 pages.

**Rule 50(a) motions:** Because the Court has not granted either party's motion for judgment as a matter of law made under Federal Rule of Civil Procedure Rule 50(a), the parties have agreed that no separate responses to the pending Rule 50(a) motions need be filed. Following entry of judgment as proposed by Symantec on the '050 and '142 patents, and upon the Court's disposition of any Rule 50(b) or Rule 59 motions on the '610 patent issues, Symantec proposes that the Court then deny the Rule 50(a) motions as moot in the Final Judgment that will be entered by the Court.

---

[3] Those issues include anticipation, obviousness, infringement, and damages for the seven claims asserted from the '050 and '142 patents.

**Prejudgment and Post-Judgment Interest:**  As discussed above, Symantec continues to believe that it is premature for the Court to address prejudgment interest before post-trial motions with regard to the '610 patent have been decided, especially because the Court has indicated that it is contemplating the granting of post-trial relief to Symantec on the jury's damages verdict for that patent.  If the Court is inclined to address the issue of interest at this time, however, any interest should be awarded consistent with Symantec's reasoning presented in its briefing on the issue (i.e., prejudgment and postjudgment interest at the T-Bill rate compounded annually).  (*See* D.I. 693-97.)

**Costs:**  Symantec continues to believe that it is premature for the Court to address the award of costs before post-trial motions have been decided.  If the Court is inclined to address the issue at this time, however, Symantec is the only party entitled to recover its costs.  Costs are only awarded to the prevailing party.  *See* Fed. R. Civ. P. 54(d).  Symantec is clearly the prevailing party in this litigation.

IV originally asserted four patents against Symantec.  By trial, IV had abandoned all of its infringement allegations as the '155 patent (D.I. 616, 617), and the Patent and Trademark Office has now conclusively determined that the asserted claims of that patent are invalid.  IV has conceded as much by abandoning its appeal of the PTO's decision.  In addition, all asserted claims of the '050 and '142 patents have been found to be invalid.  Thus, at present, only one patent claim of the myriad patent claims asserted by IV has not been invalidated.

Moreover, more than 97% of IV's damages claim has been rejected at present.  IV sought approximately $300 million in damages at trial.  At present, IV's damages claim has been reduced to $8 million (less than 3% of IV's requested recovery).  By this additional measure,

there can be no dispute at this juncture that Symantec is the prevailing party, even if the Court does not reverse either the jury's infringement or validity findings as to the '610 patent.

Finally, as described above, the Court has indicated that it is uncertain as to whether IV presented sufficient evidence to support the $8 million damages award for the '610 patent, which was premised upon an EMVR theory of damages. (D.I. 691.) Assuming that the Court concludes that IV did not present sufficient evidence to support an EMVR recovery, IV's damages necessarily will be eliminated entirely or, at the very least, reduced significantly— likely to $500,000, which is *less than 0.2%* of the $300 million damages claim that IV presented at trial. For all these reasons, and by any measure, Symantec is the prevailing party in this suit and is entitled to costs if they are awarded at this time.

IV's arguments to the contrary lack merit and its assertion that "again Symantec has no answer for the arguments in IV's Reply" is again misplaced. IV's reliance on Local Rule 54.1(c) is misguided – that rule only applies where both sides have requested monetary relief. In such a case, "ordinarily" the "party recovering the larger sum will be considered the prevailing party." Symantec did not request monetary relief in this case and thus the rule is completely inapplicable here.

Beyond IV's misunderstanding of Local Rule 54.1(c), it is Federal Circuit law—not regional law or local rule—that controls the prevailing party determination in patent cases. *Power Mosfet Tech., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004) ("[w]hether a party in a patent suit is prevailing within the meaning of Rule 54 is a matter of Federal Circuit law."). *See also Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996); *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010). Identification of the prevailing party depends "on the relation of the litigation result to the overall objective of the

litigation, and not on a count of the number of claims and defenses." *Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). That precedent expressly acknowledges that defendants may qualify as prevailing parties under Rule 54 when they succeed on invalidity or non-infringement defenses. *See Manildra*, 76 F.3d at 1183 ("[A] party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'"); *Shum*, 629 F.3d at 1367-70 (affirming finding that alleged infringer was prevailing party and reaffirming that a "declaration fo patent invalidity" qualifies as material success to qualify a party as "prevailing"). Applying that precedent here, Symantec is the prevailing party—IV has succeeded on only *one* of its four counts of infringement in its complaint; Symantec has prevailed as to three counts of infringement, succeeding in having one patent dismissed pre-trial (and subsequently invalidated in the PTO) and two other patents declared invalid.

Dated: April 29, 2015

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
*Attorneys for Plaintiff*

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*
Jack B. Blumenfeld (Bar No. 1014)
Thomas C. Grimm (Bar No. 1098)
Karen Jacobs (Bar No. 2881)
Michael J. Flynn (Bar No. 5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
tgrimm@mnat.com
kjacobs@mnat.com
mflynn@mnat.com
*Attorneys for Defendant*