IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>Plaintiff,<br><br>v.<br><br>SYMANTEC CORP.,<br><br>Defendant. | C.A. No. 10-cv-1067-LPS |

[PROPOSED] NON-FINAL JUDGMENT

This action came before the Court for trial before a duly impaneled and sworn jury beginning January 26, 2015. The issues have been tried, and the jury rendered a verdict on February 6, 2015. The verdict was accompanied by the verdict form. (D.I. 676.) The Court has not ruled on the parties' Rule 50(a) cross-motions for judgment as a matter of law and has not entered judgment with respect to any issue decided by the jury.

By Opinion and Order dated April 22, 2015, however, the Court granted in part Symantec's motion under Rule 52(c) (D.I. 698), holding invalid under 35 U.S.C. § 101 the asserted claims of U.S. Patent Nos. 6,460,050 (the "'050 patent") and 6,973,142 (the "'142 patent"). (D.I. 726, 727.)

Therefore, pursuant to Rule 58 of the Federal Rules of Civil Procedure:

IT IS HEREBY ORDERED AND ADJUDGED that an interim non-final judgment be and is hereby entered in favor of Defendant Symantec, and against Plaintiff Intellectual Ventures, on Counts II and III of the Complaint, and that claims 9, 16, and 22 of the '050 patent, and claims 1, 7, 21, and 22 of the '142 patent, are invalid under 35 U.S.C. § 101, in accordance with Symantec's Counterclaim and Count Two for declaratory judgment of invalidity.

IT IS HEREBY ORDERED AND ADJUDGED that an interim non-final judgment be and is hereby entered in favor of Plaintiff Intellectual Ventures and against Defendant Symantec, on Count I of the Complaint, that Symantec infringes claim 7 of U.S. Patent No. 5,987,610 (the "'610 patent"), with damages in the amount of $8,000,000, and that that claim was not proved invalid by Symantec under 35 U.S.C. §§ 101, 102, or 103. Any execution on this judgment shall be stayed pursuant to Rule 62(b) without security until the resolution of post-trial motions.

[Symantec's Proposal: IT IS HEREBY ORDERED AND ADJUDGED that, consistent with the parties' stipulation and the Court's January 12, 2015 order (D.I. 617), Count IV of the Complaint for infringement of U.S. Patent No. 7,506,155 is dismissed with prejudice.][1]

IT IS HEREBY ORDERED AND ADJUDGED that this judgment is not a final judgment under Fed. R. Civ. P. 54(b), but serves to trigger the 28-day limitations period under Fed. R. Civ. P. 50(b), 50(d), and 59 for post-trial motions related to all issues decided by the jury with respect to the asserted claims of the '610 patent. Response briefs are to be filed 28 days thereafter, and replies 14 days after responses. After the Court resolves the post-trial motions with respect to the '610 patent, the Court will enter a final, appealable judgment with respect to

---

[1] Intellectual Ventures objects to inclusion of this paragraph regarding the '155 patent because it is not appropriate or necessary to an interim non-final judgment, as the dismissal with prejudice was already entered by stipulation and the Court's order (D.I. 617) with both sides agreeing to bear their own fees and costs. As a result, no appeal issue exists with respect to this patent. Simply put, the Court cannot enter judgment on claims that are no longer in the case. Symantec response: This non-final judgment is not intended to address all "appeal issue[s]"; it is to provide a path toward a complete final judgment. The Court has entered an order to dismiss the '155 patent claims with prejudice (D.I. 617) but has not formally entered judgment on that ground for Count IV of IV's complaint. Including such judgment here resolves the issue and helps clear the path to a more-complete final judgment. IV's objection that it would not like to have judgment entered is not grounded in any rule of law and simply does not outweigh the benefit of a definitive entry of judgment on the issue. If the Court is not inclined to include the '155 judgment at this time, it should do so in any final judgment later entered.

[~~IV's Proposal: the '610, '142, and '050 patents~~ Symantec's Proposal: all adjudicated issues in the case], which shall then be appealable subject to Fed. R. App. P. 3 and 4.[2]

IT IS HEREBY ORDERED AND ADJUDGED that motions under Fed. R. Civ. P. 50(b), 50(d), or 59 pertaining to the jury's verdict for the asserted claims of the '050 and '142 patents shall not be filed; those issues are dismissed as moot in light of the order entered by the Court. If the Court's final judgment is vacated or amended in full or in part on appeal, the parties may file such motions for the '050 and '142 patents as appropriate on remand.

The Court will address the issues of interest and costs following its decision on the post-trial motions.

IT IS SO ORDERED AND ADJUDGED.

June 8, 2015
~~May ___, 2015~~.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Intellectual Ventures objects to Symantec's use of the vague phrase "all issues in the case" given that not all issues in the case will be subject to appeal following the Court's entry of judgment. Symantec response: IV's listing of three patents is vague and does nothing to identify what "issues in the case will be subject to appeal following the Court's entry of judgment" concerning those three patents. Thus, any supposed clarification is illusory. Moreover, as set forth above, Symantec objects to IV's attempt to try to avoid entry of judgment as to the '155 patent – a patent that IV persisted in pursuing until December 2014, only to abandon it on the eve of trial.

3