IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SYMANTEC CORPORATION et al.,<br><br>Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 10-1067-LPS |

## **MEMORANDUM ORDER**

In December 2010, Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") filed this patent infringement action against Symantec Corporation ("Symantec") and against Check Point Software Technologies Ltd., Check Point Software Technologies Inc., McAffee, Inc., Trend Micro Incorporated, and Trend Micro, Inc. (collectively, "Defendants"). (D.I. 1) As against Symantec, IV asserted United States Patent Nos. 5,987,610 ("the '610 patent"), 6,073,142 ("the '142 patent"), and 6,460,050 ("the '050 patent") ("the patents-in-suit"). (*Id.*) A jury found Symantec infringed claims of the '610 and '142 patents and did not infringe any asserted claim of the '050 patent. (D.I. 676) The Court then granted Symantec's post-trial motion for judgment as a matter of law that the asserted claims of the '142 and '050 patents were invalid as being directed to nonpatentable subject matter and denied Symantec's similar motion as to the asserted claims of the '610 patent. (D.I. 726, 727) On appeal, the Federal Circuit found the asserted claims of all three patents-in-suit to be invalid. *See Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307 (Fed. Cir. 2016).

1

Thereafter, on February 2, 2017, Symantec filed with the Clerk of Court a Bill of Costs, supported by a Declaration of Dean G. Dunlavey. (D.I. 778, 779, 780) IV objected to the Bill of Costs on March 1, 2017. (D.I. 783) The Clerk entered its Taxation of Costs in the amount of $29,696.50 on June 7, 2018. (D.I. 786) Now pending before the Court is Symantec's Motion for Review of Clerk's Taxation of Costs. (D.I. 787)

Having reviewed the record, and for the reasons stated below, **IT IS HEREBY ORDERED THAT** Symantec's motion (D.I. 787) is **GRANTED** and IV is ordered to pay Symantec's costs in the amount of **$276,463.99**.

As Symantec aptly states: "Resolving IV's claims took over six years, hundreds of thousands of pages of production, dozens of depositions and hearings before this Court, two weeks of trial before a jury, and multiple opinions by this Court and the Federal Circuit. . . . Ultimately, Symantec prevailed on every single claim." (D.I. 787 at 1) In this context, and fully consistent with the legal authority discussed below, it is unsurprising that Symantec incurred the amount of recoverable costs it requests. Accordingly, in the Court's view, it would be improper not to award Symantec the full amount of costs it reasonably incurred and requests.

1.  "Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). In particular, Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As the Third Circuit has observed, Rule 54(d)(1) "uses the word 'costs' as a term of art, rather than to refer to all expenses a prevailing party may incur in a given action." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000).

The categories of costs that are taxable are set out in 28 U.S.C. § 1920, a statute to which the Supreme Court "has accorded a narrow reading." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 442 (1987)). Section 1920 states, in full:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> >
> > (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> >
> > (3) Fees and disbursements for printing and witnesses;
> >
> > (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> >
> > (5) Docket fees under section 1923 of this title;
> >
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In the District of Delaware, Rule 54 and Section 1920 are supplemented by Local Rule 54.1, which provides additional guidance on taxable costs. Pursuant to Local Rule 54.1(a)(1), "[u]nless otherwise ordered by the Court, the prevailing party shall be entitled to costs." D. Del. L.R. 54.1(a)(1). Local Rule 54.1 directs prevailing parties to submit a bill of costs to the Clerk, who verifies the bill and makes any necessary adjustments. *See id.*

Together, Section 1920, Federal Rule 54, and Local Rule 54.1 create a "strong presumption" that costs should be awarded to the prevailing party. *See Reger v. The Nemours*

3

*Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010); *see also Paoli*, 221 F.3d at 462. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Paoli*, 221 F.3d at 468. "This is so because the denial of such costs is akin to a penalty." *Reger*, 599 F.3d at 288. "Thus, if a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so." *Id.*

A consequence of the strong presumption that the prevailing party should be awarded its costs that are shown to be within the narrow statutory categories of taxable costs is that "the assessment of costs most often is merely a clerical matter that can be done by the court clerk." *Taniguchi*, 566 U.S. at 573 (internal quotation marks omitted); *see also Paoli*, 221 F.3d at 453 (describing costs analysis as "essentially ministerial act of the clerk of court"). Nevertheless, a party disappointed with the Clerk's taxation determination may appeal it to the District Court, which must review the Clerk's decision *de novo*. *See Reger*, 599 F.3d at 288; *Paoli*, 221 F.3d at 461; *see also* Fed. R. Civ. P. 54(d)(1) ("On motion served . . ., the court may review the clerk's action."). And, notwithstanding the Local Rules, the Court "retains discretion to award costs to the full extent permitted by Section 1920." *Honeywell Int'l Inc. v. Nokia Corp.*, 2014 WL 2568041, at *5 (D. Del. May 30, 2014).

In reviewing the Clerk's costs decision, the Court may consider such factors as: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *Reger*, 599 F.3d at 288 n.3 (internal quotation marks omitted). "In contrast, however, a district court may not consider (1) the losing parties' good faith in pursuing the

4

instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves – in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id.* (internal quotation marks omitted). In other words, that a case is "a classic close case, brought in good faith" is not an "appropriate criteri[on] in determining whether a costs award is equitable." *Paoli*, 221 F.3d at 465.

"[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462-63. Notwithstanding this burden on the losing party, the Court (like the Clerk) has discretion to deny a request for taxation of costs based on a prevailing party's failure to support its request with sufficient and specific documentation. *See* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."). This principle is reflected in Local Rule 54.1(a)(2), which provides, "[t]he bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924."

2. The parties agree that Symantec is the prevailing party. It is also undisputed that Defendants filed the Bill of Costs in a timely manner. The disputes relate to the Clerk of Court's denials of portions of Symantec's Bill of Costs, resulting in reduction of Symantec's requested $276,463.99 to an award of $29,696.50. (*See* D.I. 780, 786)

A.  Fees of the Court

The Clerk of Court awarded Symantec its requested **$1,010.00** for fees paid to the Court. (D.I. 787 at 4) No party has objected to this decision.

B.  Transcript Costs

The Court agrees with Symantec that it was necessary for litigating this large, complex patent infringement action – spanning many years and, at times, involving many parties – for Symantec to obtain copies of the transcripts of hearings and conferences with the Court, even those involving other parties. At any point, the parties and/or the Court may have needed these transcripts to, among other things, identify and resolve issues or refresh recollection as to matters that had been previously addressed. The use of daily (i.e., highly expedited) transcripts during a jury trial is commonplace in high-stakes patent litigation like this one (in which IV was asking a jury to award $300 million in damages)[1] (*see* D.I. 719 at 2329, 2340, 2401) and (absent agreement by the parties to the contrary) almost certainly necessary, for purposes including preparing examinations and cross-examinations, understanding the Court's rulings to objections and at sidebars, arguing motions for judgment as a matter of law, providing support for jury instructions, and aiding the presentation to the jury including during closing argument. Therefore, the Court awards Symantec its requested award of **$16,781.86**. (D.I. 787 at 5; D.I. 788 at 1-3; D.I. 789 at 2-3; D.I. 790-1 at 2-3)

C.  Exemplification, Printing, and Copying Costs

The Court further agrees with Symantec that it should be awarded its costs of **$37,335.94** for conversion of electronic documents to the proper format for production to IV in discovery.

---

[1] As IV acknowledges, the jury awarded it only $17 million in damages (*see* D.I. 790-1 at 5) – in verdicts that were later overturned by this Court (on one of two patents found infringed) (D.I. 726, 727) and the Federal Circuit (on the other of the two infringed patents) (D.I. 775).

6

(D.I. 184 at ¶ 5.1; D.I. 787 at 6-7; D.I. 788 at 3-5; D.I. 789 at 3-4; D.I. 790-1 at 3-4) *See also Race Tires Am.*, 674 F.3d at 171 n.11 ("[W]e have acknowledged that the costs of conversion to an agreed-upon production format are taxable as the functional equivalent of 'making copies.'"); *Laboratory Skin Care Inc. v. Limited Brands, Inc.*, 2016 WL 1266564 at *3 (D. Del. Mar. 30, 2016). The Court agrees with Symantec "it would be 'especially unfair' not to allow recovery for the trial demonstratives when they had to be produced to IV in color and/or in DVD or CD format 'pursuant to the pretrial order.'" (D.I. 787 at 8) (quoting *Honeywell*, 2014 WL 2568041, at *14 and citing D.I. 608 at 14)

The Court's review of the materials submitted, as well as its experience in presiding over this case for many years, persuade it by a preponderance of the evidence that Symantec has, in fact, not included in its request amounts incurred for the "intellectual effort" involved in the production of the demonstrative exhibits. (*See, e.g.*, D.I. 787 at 8-9)

The Court will grant Symantec's requested **$77,111.20** for its share of the costs of preparation of a technology tutorial for the Court and presentation slides for the claim construction hearing. (D.I. 787 at 7-9; D.I. 788 at 5-6; D.I. 789 at 4-5; D.I. 790-1 at 4) *See also Walker Digital, LLC v. Google, Inc.*, 2016 WL 1553974, at *4-5 (D. Del. Apr. 12, 2016) (awarding costs associated with defendant's technology tutorial required by Court as part of its claim construction process). The Court required the submission of the technology tutorial. (*See* D.I. 119 at ¶ 9) Moreover, the tutorial, along with the demonstrative exhibits, "materially aided [the undersigned Judge's] understanding of the technological issues in the case." *Schering Corp. v. Amgen, Inc.*, 198 F.R.D. 422, 428 (D. Del. 2001).

D.  Printing and Copying

The Court awards Symantec **$10,967.48** "in costs associated with printing and copying documents reasonably necessary for use at trial and for preparing exhibits for use at trial." (D.I. 787 at 9; *see also* D.I. 788 at 6; D.I. 789 at 5-6; D.I. 790-1 at 4-5) The Court agrees with Symantec that binding and tabs are necessary in order to effectively present materials to the Court and to a jury.

E.  Deposition Costs

The Court will award Symantec **$133,257.51** for transcripts for depositions that were necessary for use in the case. (D.I. 787 at 9-11; D.I. 788 at 6-8; D.I. 789 at 6-7; D.I. 790-1 at 5-6) *See also Honeywell*, 2014 WL 2568041, at *6 (awarding deposition costs despite standards of LR 54.1(b)(3) not being met). The Court is persuaded by Symantec by a preponderance of the evidence that all of the deposition transcripts for which Symantec seeks to recover its costs were necessary for use in the case. (*See* D.I. 779-1 at 65-70; *see also generally* 10-54 Moore's Federal Practice Civil § 54.103 ("[T]he mere fact that a deposition was taken solely for discovery purposes should not absolutely preclude taxation of those expenses as costs. Instead, the Court should take a practical view and determine whether the deposition appeared to be reasonably necessary when taken.")) The Court's practical view of this litigation convinces it that the depositions for which Symantec now seeks to recover transcription costs were all reasonably necessary when taken.

**IT IS FURTHER ORDERED** that IV's motion for leave to file a sur-reply brief in opposition to Symantec's motion (D.I. 790) is **GRANTED**. The Court has found IV's short sur-reply to be helpful and informative as the Court has reviewed the parties' disputes.

March 25, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT